920 F.2d 927
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Barbara SCOTT, Phyllis A. Stoneking, Maguerite Anderson,
Iris R. Isaacs, Barbara Dicrease, Karen L.
Vaughan, Sherry L. Cooper, Plaintiffs-Appellees,
v.
PPG INDUSTRIES, INCORPORATED, Defendant-Appellant,
v.
INTERNATIONAL CHEMICAL WORKER'S UNION AND ITS LOCAL NO. 45,
Third Party Defendant-Appellee.
 No. 89-2362.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 30, 1989.
Decided Dec. 13, 1990.
As Amended Dec. 13, 1990.
 
 Appeal from the United States District Court for the Northern District of West Virginia at Wheeling. William M. Kidd, Senior District Judge. (CA-88-21-W-K)
 Charles David Morrison, Steptoe & Johnson, Clarksburg, W.V. (Argued), for appellant: Robert J. Schiavoni, Steptoe & Johnson, Clarksburg, W.Va., on brief.
 Timothy F. Cogan, O'Brien, Cassidy & Gallagher, L.C., Wheeling, W.Va. (Argued), for appellees; Patrick S. Cassidy, O'Brien, Cassidy & Gallagher, L.C., Wheeling, W.Va., G. Charles Hughes, Moundsville, W.Va., on brief.
 N.D.W.Va.
 AFFIRMED.
 Before DONALD RUSSELL, Circuit Judge, BUTZNER, Senior Circuit Judge, and HIRAM H. WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Eight female employees ("plaintiffs") filed this action against their employer PPG Industries, Inc. ("PPG" or "defendant") for relief initially only under Title VII[1] but by amendment under the Equal Pay Act also.[2] The claim of the plaintiffs was that PPG had established a discriminatory employment job classification structure under which female employees were paid less in some classifications than male employees in another classification, though the requirements of skill, qualifications, responsibilities and efforts were comparable in both classifications. It was the plaintiffs' contention that such discrimination violated both Title VII and the Equal Pay Act. By way of remedy, the plaintiffs sought in their amended complaint injunctive relief[3] and "back pay" under their Title VII count and "liquidated damages under the Equal Pay Act" count. This appeal concerns procedural motions by PPG. PPG sought by motion to add the International Chemical Workers' Union and Local No. 45 of the Union (collectively, "the Unions") as parties defendant and for leave to file a third-party complaint against the Unions, seeking contribution from them for any award against it in this Title VII and Equal Pay Act suit. The district judge granted the motion to add the Unions as parties defendant but only "for the limited purpose of fashioning any necessary equitable relief related to the collective bargaining agreement." The district court dismissed the motion for leave to file the third-party complaint on the ground that there was "neither an implied right to contribution nor a federal common-law right to contribution" in either Title VII or Equal Pay actions; nor could such a suit for contribution be maintained under the collective bargaining agreement between the Union representing PPG employees and PPG. PPG petitioned for an interlocutory appeal under 28 U.S.C. Sec. 1292(b) to review these rulings. The Unions joined in the motion. The interlocutory appeal was granted. We affirm the rulings of the district court.
 
 I.
 
 2
 Eight female employees filed this suit for relief under Title VII and the Equal Pay Act. Their claim was that PPG had established a discriminatory employment assignment structure that assigned female employees to a classification requiring equal skill, qualifications, work effort and responsibilities but providing a lower scale of pay than is provided to male employees in other like or similar classifications. PPG undertook by motions to bring the Unions in as parties defendant and to be permitted to file a third-party complaint under Rule 14(a) of the Federal Rules of Civil Procedure against the Unions in order to secure contribution from the Unions in the event of any award against it in the Title VII and Equal Pay action. The basis for such third-party complaint for contribution was the provision of the collective bargaining agreement requiring observance by the parties of "[t]he principles of equal pay for women as for men when doing the same quantity and quality of work or the same job...."[4] Based on what it describes as this "joint" obligation of the Unions and itself under the collective bargaining agreement to refrain from discriminatory practices, PPG alleged in its proposed cross-complaint that the Unions were "legally required to contribute their proportionate share of liability should the plaintiffs recover against defendant and third-party plaintiff PPG in this action." (Emphasis added.) It concluded its cross-complaint with the prayer that it be granted "judgment against third-party defendants ICWU and its Local No. 45 in such proportionate amount, if any, to what the plaintiffs may recover from defendant and third-party plaintiff PPG in this action, together with interest, costs and reasonable attorneys fees."
 
 II.
 
 3
 Both the plaintiffs in the primary action and the Unions moved to dismiss both PPG's motion to add the Unions as parties defendant and its petition to file the proposed cross-complaint. The district court granted with qualifications the motion to add the Unions as parties defendant and dismissed PPG's proposed cross-complaint.
 
 III.
 
 4
 In granting with qualifications the motion of PPG to add the Unions as parties defendant, the district court said:
 
 
 5
 The Court agrees that, depending on the evidence adduced during discovery or at trial, equitable relief may be required in order to achieve a final determination of the issues raised by the complaint. Accordingly, the motion of the defendant, PPG, to add the Union as a defendant is GRANTED for the limited purpose of fashioning any necessary equitable relief related to the collective bargaining agreement.
 
 
 6
 It will be noted that the order did not grant the motion to add defendants for the purpose of filing a cross-complaint for contribution. In effect, the district court dismissed the motion to add the Unions as parties defendant.
 
 
 7
 Addressing the petition of PPG to file a cross-complaint for contribution, the district court found that PPG's proposed cross-complaint was contrary to Northwest Airlines, Inc. v. Transport Workers Union, 451 U.S. 77 (1981), which had held that a defendant in either a Title VII or an Equal Pay Act suit had no right of contribution. The district court put its ruling in these words:
 
 
 8
 This Court cannot distinguish the Supreme Court's ruling in Northeast [sic] Airlines simply because the parties included a provision in their contract agreeing to do what the law required them to do--refrain from discriminating against union members on the basis of race, color, creed, sex, and national origin. Accordingly, the Court follows the holding in Northeast [sic] Airlines and hereby GRANTS the motion to dismiss the third-party complaint filed by the Union.
 
 
 9
 It is the dismissal of the cross-complaint on which this appeal actually focuses.
 
 IV.
 
 10
 The starting point for any review of the decision of the district court herein must be the opinion of the Supreme Court in Northwest Airlines. The facts in that case are singularly similar to those in this case. Both were brought by female plaintiffs alleging that the defendant in each case had established a wage classification structure under the collective bargaining agreement between the employer-defendant and the representative Unions which gave female employees lower pay than male employees doing similar work requiring like skills and qualifications. The female employees-plaintiffs filed their suits in both cases under Title VII and the Equal Pay Act against only the employer. In this case, the employer-defendant seeks to file a cross-complaint against the Unions as third-party defendants to establish a right of contribution against the Unions; in Northwest Airlines, the employer, after a rebuff of its attempt to file a cross-complaint seeking contribution, filed a separate suit for contribution after judgment in the main suit establishing its liability. Except for that procedural difference, the two cases are similar. The Supreme Court held that a defendant-employer in either a Title VII or Equal Pay Act suit could not secure contribution from a third party. That ruling was found by the district court to be applicable here and it dismissed PPG's efforts to establish in this case a right to contribution from the Unions.
 
 
 11
 But the defendant would find a distinction between the two situations. That distinction is the inclusion of Section 301 of the Labor Management Relations Act ("LMRA"), now codified as 29 U.S.C. Sec. 185, as the source of its claim for contribution in its cross-complaint. It alleges that under the collective bargaining agreement both the employer and the Unions "promised that the principles of equal pay for women as for men when doing the same quantity and quality of work on the same job will be observed" and that the employer and the Unions were "jointly liable for any alleged breach of said promises." It accordingly asserts that the Unions "are legally required to contribute their proportionate share of liability should the plaintiffs recover against defendant and third-party plaintiff PPG in this action."
 
 
 12
 PPG recognizes that the suit filed against it by the plaintiff-employees is premised entirely on Title VII and the Equal Pay Act, and, citing Northwest Airlines, it concedes that normally in such a case there is no right to contribution in its favor should it lose the case. But it asserts that it has surmounted this difficulty by filing its cross-complaint stating a separate and distinct claim under the non-discrimination language of the collective bargaining agreement, jurisdiction for which it would find in Section 301 of the LMRA. It argues that it is a "beneficiary" under the discriminatory provisions of that collective bargaining agreement and that as such "beneficiary" it has a right to bring in the Unions as third-party defendants in an implied action for contribution under Section 301 and to recover in that implied action against the third-party defendants a judgment of contribution. Thus, the argument concludes, the employer in this case has successfully evaded the denial of a right of contribution in this Title VII and Equal Pay suit under Northwest Airlines. There are, however, a number of serious flaws in this carefully crafted theory.
 
 
 13
 Basic to the defendant-employer's right to file its third-party claim for contribution is the impleading of the Unions as third-party defendants. Obviously, there can be no maintainable third-party complaint if the proposed third party cannot be impleaded as a party in the action. Impleader is controlled by Rule 14(a) of the Federal Rules of Civil Procedure, which authorizes a defendant to bring a third-party suit against "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against him." (Emphasis added.)[5] It is manifest from the language of the rule that the third-party claim must be dependent on or related to the initial plaintiff's claim against the defendant, that is, in this case, the Title VII and Equal Pay counts of the plaintiffs' complaint. As the Supreme Court has said in Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 368 n. 3 (1978), "[u]nder Rule 14(a), a third-party defendant may not be impleaded merely because he may be liable to the plaintiff." (Emphasis in original.) We repeat that the third-party claim must be "derivative" of the plaintiff's claim for "[d]erivative liability is central to the operation of Rule 14," Watergate Landmark Condominium Unit Owners' Association v. Wiss, Janey, Elstner Associates, Inc., 117 F.R.D. 576, 578 (E.D.Va.1987). This same point was made in United States v. One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir.1983), cert. denied, 464 U.S. 1071 (1984), where the Court said that "a third-party claim may be asserted only when the third party's liability is in some way dependant on the outcome of the main claim and the third party's liability is secondary or derivative. It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim." (Citations omitted.) See also Sears v. Atchison, Topeka & Santa Fe Railway Co., 749 F.2d 1451, 1454 (10th Cir.1984), cert. denied, 471 U.S. 1099 (1985); Collini v. Wean United, Inc., 101 F.R.D. 408, 410-11 (W.D.Pa.1983). It cannot be said that a claim of liability under an assumed implication of a federal common law right of contribution by virtue of Section 301 of the LMRA is derivative of, dependent on and secondary to the employees-plaintiffs' Title VII and Equal Pay action. Yet that precisely is what the employer contends here and it is a contention which in our opinion is without merit. Since the defendant has not, therefore, met the threshold requirement for an allowance of its cross-complaint, the district court properly refused to sustain the proposed cross-complaint of the employer here.
 
 
 14
 There is another reason that makes a right of contribution unavailable to the employer in this case. PPG admits that Section 301 grants no express right of contribution, and neither does the collective bargaining agreement between the employer and the Unions. Section 301 actually confers no substantive rights; it is a procedural or jurisdictional statute authorizing a federal forum for suits under a collective bargaining agreement. Local 205, United Electrical, Radio, & Machine Workers v. General Electric Co., 233 F.2d 85, 96 (1st Cir.1956), aff'd, 353 U.S. 547 (1957). The employer here recognized that Section 301 does not expressly authorize a claim for contribution in suits involving claims under the collective bargaining agreement or in any other context. The right of contribution by way of a suit for breach of the collective bargaining agreement under the jurisdictional authorization in Section 301 can therefore exist, if at all, only by implication. In assessing the maintainability of a party's claim for such an implied right, the claimant must first establish its standing to maintain that claim. In order to meet this requirement, the claimant must show that it was intended to be a beneficiary under the statute or under the terms of the collective bargaining agreement. Clearly, the employer here was not intended to be a beneficiary under Section 301 or under the non-discrimination provisions of the collective bargaining agreement between the employer and the Unions, the proposed third-party defendants. The non-discrimination provisions of the collective bargaining agreement were intended to benefit and protect the employees, not the employer. Any right of action under the non-discrimination provisions of the collective bargaining agreement could be implied, if at all, only in favor of the victim or victims of such violation and certainly not in favor of one who was one of the perpetrators of the discriminatory conduct alleged by the employer itself in its proposed cross-complaint. Under the employer's hypothetical scenario, the employer would be a joint tortfeasor. There is absolutely nothing in Section 301 or in the collective bargaining agreement to support the argument that a claim for contribution in favor of a joint tortfeasor was to be implied under the facts of this case.
 
 
 15
 The shortcoming in this argument of the employer was emphasized in Northwest Airlines. To paraphrase somewhat the Supreme Court's language in that case, the Court said that the non-discrimination provisions in the collective bargaining agreement in that case, which were substantially as those here, were not intended for the "especial benefit" of the employer; they were clearly "directed at the employees," and were intended to "regulate the conduct [of the employer] for the benefit of employees" such as the employee-plaintiffs. The Supreme Court conceded that an action might be brought for a breach of the collective bargaining agreement which might have harmed the employer, but that was, as the Supreme Court said, "entirely different from a right to compel the union to share the responsibility for a joint violation of a third party's rights. Clearly, the language of neither statute [i.e., Title VII and the Equal Pay Act] supports implication of a right to contribution in favor of employers against unions." Northwest Airlines, 451 U.S. at 93. This language of the Supreme Court is, in its reasoning, equally applicable to this effort of the employer to claim the status of a "beneficiary" entitled to an implied right of contribution under Section 301 in this case and warrants the dismissal of the employer's proposed cross-complaint.
 
 
 16
 The rulings of the district court herein are accordingly
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 42 U.S.C. Sec. 2000(e)
 
 
 [2]
 29 U.S.C. Sec. 206(d)
 
 
 [3]
 The plaintiffs later abandoned any claim for injunctive relief. The district court permitted such claim only for the purpose, if necessary, to full relief if plaintiffs prevailed
 
 
 [4]
 Article XIX, No 14. PPG cites, in addition, two other provisions of the collective bargaining agreement. These provide:
 There shall be no discrimination as to rates of pay between employees of the same classification.
 Article XIX, No. 13.
 The parties hereto agree to apply the provisions of this Agreement to all employees without discrimination because of race, color, sex, religious creed, age, or national origin.
 Article II.
 These additional provisions merely supplement the language quoted above.
 
 
 [5]
 See EEOC v. Ferris State College, 493 F.Supp. 707, 717-18 (W.D.Mich.1980) (citations omitted):
 The authority under federal law to initiate a third-party complaint arises out of Rule 14 of the Federal Rules of Civil Procedure....
 Rule 14 does not, however, have the effect of enlarging substantive rights under federal law....
 An employer's right to seek contribution for damages incurred as a result of its liability under the Equal Pay Act rests solely upon the rights Congress created in enacting the Equal Pay Act. If the Act itself confers no right of contribution favoring employers, then no such right exists under federal common tort law which would authorize a third-party action pursuant to Rule 14. Because I conclude that the Equal Pay Act precludes contribution actions, I likewise conclude that this court lacks jurisdiction to hear, under Rule 14, a similar suit based on common tort law.