**Vincent COTRONEO, Plaintiff,**

v.

**GRANCOLOMBIANA, INC. and Flota Mercante Grancolombiana, Defendants.**

No. 60-C-498.

United States District Court
E. D. New York.

June 7, 1961.

Nathan Gottesman, Brooklyn, N. Y., for plaintiff.

Renato C. Giallorenzi, New York City, for defendants; Celestino Tesoriero, Great Neck, N. Y., of counsel.

BARTELS, District Judge.

In this action by a longshoreman against a vessel owner for damages for personal injuries allegedly sustained through the negligence of defendants and the unseaworthiness of their vessel, the defendants have moved, pursuant to Rule 14, Fed.Rules Civ.Proc., 28 U.S.C. A., for an order granting leave to defendants as third-party plaintiffs, to serve a summons and complaint upon plaintiff's employer, American Stevedores, Inc. Plaintiff opposes the motion upon the grounds that the accident herein occurred on a gangplank and that there can be no connection between the accident and any negligence by the stevedore-contractor.

854

The impleading of stevedore-contractors as third-party defendants in suits commenced by longshoremen, predicated upon the fact that the stevedore may in turn have a duty to indemnify the vessel owner, is common practice. Ryan Stevedoring Co., Inc. v. Pan-Atlantic Steamship Corp., 1956, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133; American Export Lines, Inc. v. Revel, 4 Cir., 1958, 262 F.2d 122. The objection herein that there can be no basis upon which the stevedore may be held liable for the plaintiff's injuries is not a question which the Court may decide as a matter of law upon this application. Rule 14(a) provides in part that a defendant may bring in a third party "who is *or may be* liable to him for all or part of the plaintiff's claim against him" (emphasis added). This rule must be liberally construed, and accordingly the motion is granted.

Settle order within ten days on two days' notice.