■ HUGH CONNOLLY, Appellant, v MARY K. CONNOLLY, Respondent.—In an action for divorce, the plaintiff husband appeals from an order of the Supreme Court, Queens County, dated November 13, 1974, which denied his motion (1) to punish defendant for contempt for alleged violation of a decision as to visitation with the parties' children and (2) that custody of the children be awarded to him. Appeal dismissed as moot, without costs and without prejudice to appellant's right to commence habeas corpus proceedings on the issue of custody of the children. The order under review was superseded by the entry of a judgment of divorce, rendering academic the temporary custody provisions of the order, and the appeal from the order is therefore dismissed. The appellant, if so advised, may resort to habeas corpus proceedings for a hearing on the issue of custody. We have considered the merits and concluded that were we not dismissing the appeal we would remand the motion to Special Term for a full hearing, in light of the serious nature of the allegations contained in appellant's moving affidavits. Gulotta, P. J., Rabin, Martuscello, Latham and Christ, JJ., concur.

■ DIMITRA DARLAGIANNIS, Appellant, v EPAMINODAS DARLAGIANNIS, Respondent.—In an action for an accounting, plaintiff, whose marriage to defendant had previously been annulled, appeals from a judgment of the Supreme Court, Westchester County, dated February 20, 1974, which, after a nonjury trial, dismissed the complaint, without prejudice to the institution of an action at law. Judgment reversed, on the law and the facts, with costs; defendant is directed to account to plaintiff with respect to the items referred to in the complaint; and the action is remanded to Special Term for further proceedings not inconsistent herewith. Plaintiff brought this action for an accounting against her ex-husband, after their marriage had been annulled, for her share of the assets they acquired as wedding gifts and savings from their earnings, which defendant had placed in his individual bank account. In order to establish a cause of action in equity for an accounting, a fiduciary or agency relationship must be established *(Schantz v Oakman,* 163 NY 148). In this case, the evidence at the trial indicated that wedding gifts given to the husband and wife jointly were placed by the husband in his personal savings account. This court finds that a constructive trust was created in favor of the wife for her share of the gifts because of the confidential relationship of the parties. Accordingly, plaintiff is entitled to an accounting. Even though plaintiff may have a legal remedy, she is not precluded from seeking equitable relief by way of an accounting predicated upon the existence of a fiduciary relationship *(Fur & Wool Trading Co., v George I. Fox, Inc.,* 245 NY 215). Gulotta, P. J., Rabin, Hopkins, Martuscello and Shapiro, JJ., concur.