■ **Anne M. Marrone**, Respondent-Appellant, v **Robert P. Marrone, Jr.**, Appellant-Respondent.—In a matrimonial action, the defendant husband appeals, as limited by his brief, from so much of a judgment of divorce of the Supreme Court, Kings County, dated July 11, 1978, as impressed a constructive trust on one half of the marital premises in favor of the plaintiff wife, held that certain trust accounts were the property of the plaintiff, granted plaintiff alimony, child support and a counsel fee, and failed to impress a constructive trust in his favor on plaintiff's personal banking account. Plaintiff cross-appeals, on the ground of inadequacy, from so much of the same judgment as granted alimony and child support in the total sum of $150 per week and a counsel fee of $2,000. Judgment modified, on the law and the facts, by (1) deleting the thirteenth and fourteenth decretal paragraphs thereof, which pertain to the trust impressed upon one half of the marital premises, and substituting therefor a provision dismissing the cause of action in the complaint which seeks to impress a constructive trust upon the marital premises, (2) deleting the eleventh decretal paragraph thereof and substituting therefor a provision that the moneys in the trust account in favor of the parties' son be "halved and shared equally" by the parties and that the injunction previously issued be vacated, and (3) increasing the counsel fee awarded to the plaintiff to $4,500. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The bare relationship of husband and wife is not adequate to support the imposition of a constructive trust on the marital home *(Moftiz v Moftiz*, 50 AD2d 901). The spouse who seeks the constructive trust must show that there has been a transfer of some property in reliance on the marriage relationship which subsequently results in the unjust enrichment of the other spouse *(Darlagiannis v Darlagiannis*, 48 AD2d 875). In the instant case, the wife has failed to meet her burden of proof. The Totten trust in favor of the parties' son was in the name of both parties. Each party therefore had a one-half interest in the account and it should have been so divided (see EPTL 7-5.6). The counsel fee awarded was inadequate to the

extent indicated herein. Rabin, J. P., Gulotta, Margett and Martuscello, JJ., concur.