ARGONAUT INSURANCE COMPANY, Plaintiff,

v.

HALVANON INSURANCE COMPANY, Defendant.

No. 80 Civ. 1947 (HFW).

United States District Court, S. D. New York.

Dec. 11, 1981.

Donovan, Leisure, Newton & Irvine by Walter L. Stratton, New York City, for plaintiff.

Kroll, Killarney, Pomerantz & Cameron by Roy E. Pomerantz, New York City, for defendant.

Booth, Lipton & Lipton by Alan M. Rubin, New York City, pro se, for Alan M. Rubin.

## MEMORANDUM DECISION

WERKER, District Judge.

This action was commenced by plaintiff Argonaut Insurance Company ("Argonaut") to satisfy several claims arising out of reinsurance certificates defendant Halvanon Insurance Company Limited ("Halvanon") is-

sued to Argonaut. Halvanon counterclaimed for premiums and other monies allegedly due under the reinsurance certificates. Halvanon files the instant motion seeking (1) leave to serve a third-party complaint (2) an accounting by the proposed third-party defendants for all premiums and losses related to the insurance agreements between Halvanon and the proposed third-party defendants and (3) an injunction prohibiting Allan M. Rubin, Esq. from communicating with the proposed third-party defendants concerning this matter. For the reasons that follow, defendant's motion is granted in part and denied in part.

Fed.R.Civ.P. 14(a) provides that:

"At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him . . ."

■ Rule 14(a) further provides that the third-party plaintiff must obtain leave of the court if the third-party complaint is not filed within 10 days after service of the answer. Where, as here, the court's jurisdiction is predicated upon diversity of citizenship, although the right to proceed in a third-party action is established by Rule 14, such right depends upon the existence of state created liability. *General Dynamics Corporation v. Adams*, 340 F.2d 271, 279 (5th Cir. 1965). By failing to refute the fact that the defendant may be entitled to indemnity by the third-party defendants for all or part of plaintiff's claim against the defendant, plaintiff concedes that the third-party complaint is within the scope of Rule 14.

However, while recognizing that the court in the exercise of its discretion under Rule 14(a) may grant defendant leave to serve the proposed third-party complaint, Argonaut contests the granting of leave on the ground that the proposed third-party action will unduly complicate and delay this action. Specifically, plaintiff asserts that the operative facts and legal theories of the proposed third-party action are not the same as those in the main claim, and the proposed third-party defendants may not be subject to the jurisdiction of the court.

■ Plaintiff's contentions are unpersuasive and defendant is hereby granted leave to serve the third-party complaint. Plaintiff cites no authority for its argument that the mere possibility that one or more of the proposed third-party defendants may not be subject to the court's jurisdiction requires denial of defendant's motion pursuant to Rule 14 for leave to *serve* the third-party complaint. In any event, the factual allegations of the third-party complaint are sufficient to suggest the court's jurisdiction over the third-party defendants, at least until the third-party defendants contest the court's jurisdiction and present facts to the contrary. *See China Union Lines, Limited v. American Marine Underwriters Inc.*, 454 F.Supp. 198 (S.D.N.Y.1978).

■ Moreover, Rule 14 does not require that the facts and legal issues in the third-party claim be completely identical to those in the main action. *Lyons v. Marrud, Inc.*, 46 F.R.D. 451, 454 (S.D.N.Y.1968); *Cotroneo v. Grancolombiana, Inc.*, 194 F.Supp. 853, 854 (E.D.N.Y.1961). The main action rests upon a reinsurance agreement between the plaintiff and the defendant. The third-party claim concerns various retrocession agreements the defendant entered into with the third-party defendants whereby they allegedly agreed to reinsure defendant fully with respect to the risks which defendant assumed by its reinsurance of plaintiff. The substantial relationship between these actions justifies granting defendant's request for leave to serve the third-party complaint upon the proposed third-party defendants. Indeed, the court believes that the salutary purpose of Rule 14 to promote judicial efficiency by eliminating circuity of actions will best be achieved by permitting the third-party action. *See* Wright and Miller, Federal Practice and Procedure §§ 1442 and 1446.[1]

---

1. It is premature at this juncture for the court to decide whether or not it is necessary to sever the main claim from the third-party claim for the purposes of trial.

In view of the court's decision to permit defendant leave to serve the third-party complaint as discussed above, defendant's motion seeking disqualification of Alan Rubin, Esq. as counsel for the proposed third-party defendants is ripe for consideration by the court and is addressed below.

■ The disqualification of an attorney is a serious matter which necessarily requires the court to balance the right of a party to a lawsuit to retain counsel of its choice against the need to insure the integrity of the legal proceedings. *Government of India v. Cook Industries, Inc.*, 569 F.2d 737, 739 (2d Cir. 1978). In a recent decision reaffirming the standard governing the disqualification of an attorney because of prior representation of an adverse party in a lawsuit, the court stated:

> "[i]n order to justify disqualification of his former counsel a party must show that a 'substantial relationship' exists between the issues in the prior and present cases."

*Lemelson v. Synergistics Research Corp.*, 504 F.Supp. 1164, 1166 (1981).

■ In this circuit, once it has been established that a substantial relationship exists between the two cases, there is arguably a difference of opinion whether or not the presumption that the prior representation resulted in the receipt of confidential information is rebuttable or not. *Compare Government of India v. Cook Industries, Inc.*, 422 F.Supp. 1057, 1059–60 (S.D.N.Y. 1976), aff'd, 569 F.2d 737 (2d Cir. 1978) *with Government of India v. Cook Industries Inc.*, 569 F.2d 737, 741 (Mansfield, J., concurring) *and Lemelson v. Synergistics Research Corp.*, 504 F.Supp. 1164, 1167 (S.D.N.Y.1981). The disagreement, if it exists, is of no moment here since Mr. Rubin has failed to rebut the presumption that he had access to confidential information from the defendant.

Here, the court must assess the significance of, not prior representation in an earlier case, but prior representation in the same case. There can be no dispute that a substantial relationship exists between the issues involved in the complaint and the third party complaint. The third-party complaint charges that if Halvanon is liable to Argonaut on the reinsurance agreement underlying the complaint then the third-party defendants, the retrocessionaires and reinsurance intermediaries, are liable to Halvanon due to the failure of the retrocessionaires to meet their retrocession obligation to Halvanon.

Clearly, notwithstanding the addition of several actors and agreements, the third-party complaint concerns the same insurance and reinsurance arrangement, albeit somewhat complex, at issue in the complaint. Mr. Rubin is attempting to represent third-party defendants, whose interests in this case are obviously diametrically opposed to those of the defendants, after having acted as the attorney for the defendant for eleven months in the same case.

Moreover, Mr. Rubin's personal role in the former representation of the defendant was more than peripheral. As prior counsel for the defendant, Mr. Rubin prepared and filed a motion to dismiss the complaint for lack of personal jurisdiction of the defendant. Mr. Rubin also prepared the defendant's answer. Based on his own affidavit, in addition to the discussions he held with directors of the defendant concerning the preparation of the answer and motion to dismiss on jurisdictional grounds, Mr. Rubin met with a director of the defendant for the purpose of discussing the formation of a trust fund by the retrocessionaires in favor of the defendant. Also, Mr. Rubin "made repeated requests for Halvanon's records" in an effort to comply with plaintiff's demand for production of documents, but Mr. Rubin "never received any documents from Halvanon". Rubin affidavit in opposition ¶ 11.

The court believes it improbable that Mr. Rubin did not gain access to confidential information at some point during his extensive contact with the defendant while acting as the defendant's attorney. Accord-

ingly, that part of defendant's motion seeking disqualification of Mr. Rubin as attorney for the third-party defendants is granted.[2]

The third and final prong of defendant's motion seeks an accounting and the appointment of a receiver. This part of defendant's motion must be denied. Significantly, defendant's motion is submitted *ex parte* since it is directed at the third-party defendants who have not been served yet and therefore are not parties to this lawsuit.[3] While it is clear that a receiver may be appointed upon *ex parte* application when an emergency exists, ordinarily the court will require notice of the application to all parties affected. 7–Pt.2 MOORE'S FEDERAL PRACTICE ¶ 66.04[1]. Defendant has failed to demonstrate sufficient facts to support a finding by this court that an emergency exists warranting an *ex parte* appointment of a receiver.

Defendant has likewise failed to demonstrate the necessity, at this time, for a direction by the court for an accounting by the third-party defendants. Defendant has failed to sustain its heavy burden of proof that the necessary fiduciary relationship exists or the type of fraud has been committed which justifies an accounting upon *ex parte* motion without benefit of an evidentiary hearing. *See Darlagiannis v. Darlagiannis*, 48 A.D.2d 875, 369 N.Y.S.2d 475 (2d Dep't 1975); *Kaminsky v. Kahn*, 23 A.D.2d 231, 259 N.Y.S.2d 716 (1st Dep't 1965).

Without the more complete record that would result from affording the third-party defendants an opportunity to respond directly respecting the motion for an accounting and the appointment of a receiver, the court is constrained not to reach the issue of whether or not the defendant is entitled to the relief sought in the context of a non-emergency application.

In conclusion and in accordance with the foregoing, that part of defendant's motion seeking leave to serve the third-party complaint and to disqualify Mr. Rubin as attorney for the third-party defendants is granted, but that part of defendant's motion seeking the appointment of a receiver and the direction of an accounting by the third-party defendants is denied.

SO ORDERED.

2. The court does not feel it is necessary to enjoin Mr. Rubin from communicating with the third-party defendants concerning this matter. The court is confident that Mr. Rubin will honor his professional obligation not to disclose the confidences or secrets of his prior clients. Disciplinary Rule 4–101 of the Code of Professional Responsibility.

3. The court is aware of course that opposing papers have been submitted by Mr. Rubin in opposition to the request for the appointment of a receiver and an accounting. Nevertheless, in view of Mr. Rubin's disqualification as counsel for the third-party defendants, the third-party defendants have not been given an adequate opportunity to respond to defendant's motion.