■ DOMINICK DI TERLIZZI, Appellant, v ROSINA DI TERLIZZI, Respondent. — In a matrimonial action, plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Westchester County (Ruskin, J.), dated October 30, 1981, which denied his motion, *inter alia,* to vacate a stipulation of settlement as well as that portion of the judgment of divorce which was predicated upon said stipulation, and for an accounting. Order modified by adding a provision thereto that plaintiff's motion is granted only as to that branch which seeks to compel defendant to account for the payment of approximately $5,700 in unspecified costs and charges, to the extent that a hearing is ordered. As so modified, order affirmed, insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith. After 28 years of marriage, plaintiff husband commenced the instant action for a divorce against defendant on the ground of the latter's cruel and inhuman treatment. Defendant counterclaimed for an absolute judgment of divorce in her favor and the matter came to trial on August 17, 1979. The court granted judgment in favor of defendant based upon her counterclaim and dismissed plaintiff's cause of action on the merits. Following the court's determination, the parties entered into a stipulation of settlement which was announced by defendant's attorney in open court. Among the provisions of the stipulation of settlement was an agreement by the parties that the judgment to be entered contain the following decretal paragraph: "that the premises owned by the

parties hereto as tenants by the entirety located in the Town of Cortland [*sic*], Westchester County, State of New York shall be offered for sale at a multiple listing and shall be sold to the highest offer made within 90 days from the date of the entry of this judgment; and that both parties agree to execute such instruments, contracts, deed or other instruments to effectuate the sale, and if either party fails to cooperate in connection with the execution of such instruments then the court may direct and appoint the Sheriff of the County of Westchester to execute such instruments as may be necessary on behalf of the party who fails to cooperate." It was further stipulated that plaintiff would convey to defendant the parties' jointly owned property in the State of Florida on condition that he pay the additional sum of $1,000 and that she release him from all claims for past rents collected on the marital premises in the Town of Cortlandt and from any claim for alimony arrears theretofore accumulated by virtue of a prior decision of the court. Upon obtaining the deed to the Florida property, defendant was to assume responsibility for the mortgage thereon and for the payment of "approximately $5700 and other costs and charges accumulated therein". The provision regarding the property situated in the Town of Cortlandt was based upon the mistaken belief that said property was owned as tenants by the entirety, when in fact the deed indicated that it was owned solely by plaintiff husband. After the Supreme Court, Westchester County, in an order dated February 21, 1980, granted defendant's application to enforce the judgment based upon the stipulation of settlement entered in open court, notwithstanding plaintiff's alleged mistake of fact, the parties modified the original stipulation to decrease plaintiff's weekly alimony payment from $70 to $50 and to provide that upon the sale of the Cortlandt property, plaintiff would receive 55% of the net proceeds while defendant would receive 45% of the net amount. Plaintiff moved, by order to show cause dated July 17, 1981, for, *inter alia*, an order vacating the stipulation of settlement dated August 17, 1979, as well as the portions of the judgment of divorce which were predicated thereon, and for an order compelling defendant to account for the payment by her of the approximately $5,700 in unspecified costs and charges which she was required to pay pursuant to the judgment of divorce. Plaintiff's motion was denied on the ground that it would constitute "an improvident exercise of discretion" to grant such relief in view of the stipulations made in the case and all the proceedings conducted in this case since 1979. Insofar as the stipulation of settlement of August 17, 1979 was superseded by the stipulation signed by plaintiff and dated March 3, 1980, we conclude that this second stipulation disposed of the issue. On these facts, plaintiff should not now be allowed to assert that the original stipulation was entered into under a mutual mistake of fact. As respects that portion of plaintiff's motion requesting an accounting as to defendant's payment of the unspecified costs and charges, we remit the matter to the Supreme Court, Westchester County, for a hearing regarding defendant's alleged failure to make the agreed-upon payment. The basis for an accounting is the existence of a fiduciary or trust relationship respecting the subject matter of the controversy (*Seneca v Novaro*, 80 AD2d 909; *Darlagiannis v Darlagiannis*, 48 AD2d 875; 1 NY Jur 2d, Accounts and Accounting, § 30, p 183). In the instant situation, the wife's underlying liability is created by her agreement to pay certain unspecified costs and charges and the fiduciary relationship created by the parties' marriage. One such claim which should allegedly have been paid by defendant was a debt due the Bank of New York in the sum of $1,884.85, plus counsel fees. An action for a money judgment was commenced against both parties by the Bank of New York by service of summons with notice dated July 28, 1980. In view of the parties' agreement and the marital relationship, we conclude that plaintiff is entitled to a hearing

in order to determine defendant's obligation with respect to these costs and charges. Although a party may have a legal remedy, he or she is not precluded from seeking equitable relief by way of an accounting predicated upon the existence of a fiduciary relationship (*Darlagiannis v Darlagiannis, supra*). If it is determined at the hearing that defendant has failed to make payment in accordance with the terms of the parties' agreement, she should then be directed to make payment. We have considered the parties' other contentions and find them to be without merit. Lazer, J. P., Weinstein, Bracken and Rubin, JJ., concur.