**Mayer GROSS, Plaintiff,**

v.

**HANOVER INSURANCE COMPANY, Defendant.**

**No. 91 Civ. 0079 (PKL).**

United States District Court, S.D. New York.

Aug. 21, 1991.

Dennis T. D'Antonio, Weg & Myers, P.C., New York City, for plaintiff.

Stephen H. Marcus, Lambert & Weiss, New York City, for defendant.

## MEMORANDUM ORDER

LEISURE, District Judge:

This is an action arising out of an insurance claim following the alleged loss of a substantial amount of jewelry. Defendant Hanover Insurance Company has now moved, pursuant to Federal Rule of Civil Procedure 14(a), to implead as third-party defendants Joseph Rizzo and Anthony Rizzo. For the reasons stated below, defendant's motion is granted.

## BACKGROUND [1]

The facts necessary to decide the instant motion are not complex. Plaintiff alleges that he suffered a loss consisting of approximately $217,800 worth of diamonds consigned to one "3–R Jewelers" [2] ("3–R"), a retail jewelry store, and approximately $48,000 worth of diamonds and emeralds left by plaintiff at 3–R for safekeeping. 3–R was at the relevant time owned by one Anthony Rizzo ("Anthony"), who employed his brother Joseph Rizzo ("Joseph") at the store. Plaintiff thereafter made a claim under a jewelers' block insurance policy issued to him by defendant, seeking $50,000 for loss of consignment goods and $25,000 for loss of goods left for safekeeping. The parties agree that the loss of the jewels was the result of a theft that occurred at the 3–R store.

Defendant alleges, however, that on December 16, 1989, the evening of the theft, a witness observed a man enter the 3–R store and begin talking to Joseph. Shortly thereafter, the man talking with Joseph walked out, then returned with a paper bag and proceeded to walk behind the counter and into a back room. When the witness left 3–R, the man was still in the store. Affidavit of Stephen H. Marcus, Esq., sworn to on June 28, 1991 ("Marcus Aff."), Exhibit H. In a statement he gave to the police, Joseph stated that he was in the store preparing to close for the night when two men entered and asked to purchase a watch. Joseph stated that he left the two men in the front of the store and went to the back to get a warranty card for the watch. He stated that he then heard the front door slam. When he returned to the front of the store the men were gone and a box and case of jewels were missing from the safe, which he had left open. Marcus Aff., Exhibit G. Defendant also claims that Joseph was addicted to cocaine, and that Anthony was aware of this fact but nevertheless continued to employ Joseph at 3–R. The police report includes statements from Anthony that Joseph had a cocaine habit, that he thought the habit was under control, but "guess bigger problem than he [Anthony] thought," and that it "Looked like Joey was setting place up." Marcus Aff., Exhibit F.

Defendant's proposed third-party complaint thus seeks to implead Joseph and Anthony on the ground that they will be liable to defendant, should defendant be found to be liable to plaintiff. Marcus Aff., Exhibit E. Specifically, the proposed third-party complaint asserts claims against Joseph for negligent handling of the jewels as plaintiff's consignee or bailee, or as the agent of 3–R; against Joseph for actual conversion of the jewels; and against Anthony for the negligent hiring, retention and supervision of Joseph.

## DISCUSSION

Rule 14(a) provides in relevant part that "[a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed.R.Civ.P. 14(a). Where, as here, the defendant seeks to file the third-party complaint more than ten days after serving its original answer, the defendant "must obtain leave on motion upon notice to all parties to the action." Fed.R.Civ.P. 14(a). "The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *McLaughlin v. Biasucci*, 688 F.Supp. 965, 967 (S.D.N.Y.1988). Accordingly, the district court has considerable discretion in deciding whether to permit a third-party complaint. *See Consolidated Rail Corp. v. Metz*, 115 F.R.D. 216,

---

1. The factual background of this case has been discussed in some detail in the Court's Memorandum Order dated June 4, 1991, which granted plaintiff's motion to amend the complaint in this action.

2. This company is referred to as "3–R Jewelry, Inc." in defendant's papers.

218 (S.D.N.Y.1987); *Old Republic Insurance Co. v. Concast, Inc.*, 99 F.R.D. 566, 568 (S.D.N.Y.1983). "The court must balance the benefits derived from impleader—that is, the benefits of settling related matters in one suit—against the potential prejudice to the plaintiff and third-party defendants." *Oliner v. McBride's Industries, Inc.*, 106 F.R.D. 14, 20 (S.D.N.Y.1985).[3]

■ In the case at bar, defendant's proposed third-party claims arise from " 'the same aggregate or core of facts which is determinative of the plaintiff's claim,' " and thus the interest in judicial economy would be served by permitting those claims to proceed in the instant action. *National Bank of Canada v. Artex Industries, Inc.*, 627 F.Supp. 610, 613 (S.D.N.Y.1986) (quoting *Dery v. Wyer*, 265 F.2d 804, 807 (2d Cir.1959)). Plaintiff argues, however, that the proposed third-party claims are "speculative," and thus the motion to implead should be denied. This argument fails for several reasons.

First, there is some question as to whether plaintiff may attack the merits of the proposed third-party claims at this stage of the proceedings. *See Cotroneo v. Grancolombiana, Inc.*, 194 F.Supp. 853, 854 (E.D.N.Y.1961); Notes of Advisory Committee Regarding 1963 Amendment to Rule 14 ("*After* the third-party defendant is brought in, the court has discretion to strike the third-party claim if it is obviously unmeritorious....") (emphasis added). Second, it is well established that

the words "is or may be liable" in Rule 14(a) make it clear that impleader is proper even though the third-party defendant's liability is not automatically established once the third-party plaintiff's liability to the original plaintiff has been determined.

C. Wright, A. Miller & M. Kane, 6 *Federal Practice and Procedure* § 1446, at 373 (citing cases). Thus, the allegedly speculative nature of the proposed third-party claims is not an absolute bar to their assertion. Finally, the proposed third-party claims are sufficiently alleged, for Rule 14(a) purposes. "The federal and New York state court decisions hold that third-party impleader practice encompasses subrogation claims." *St. Paul Fire & Marine Insurance Co. v. United States Lines Co.*, 258 F.2d 374, 375–76 (2d Cir.1958) (upholding insurance company's impleader action), *cert. denied*, 359 U.S. 910, 79 S.Ct. 587, 3 L.Ed.2d 574 (1959); *see also Rock Transport Properties Corp. v. Hartford Fire Insurance Co.*, 45 F.R.D. 373 (S.D.N.Y.1968) (same); *Monarch Industrial Corp. v. American Motorists Insurance Co.*, 276 F.Supp. 972, 980 (S.D.N.Y.1967) ("The law in this Circuit is that an insurance company can bring a third-party action pursuant to Rule 14(a), Fed.R.Civ.P., against a person not a party to the action 'who is or may be liable' to it for all or part of the plaintiff's claim"). Claims for bailee negligence, conversion, and negligent hiring, retention and supervision are all claims that may properly be asserted in this action.[4] *See, e.g., KOUS–TV, Inc. v. Spot Time, Ltd.*, 599 F.Supp. 90 (S.D.N.Y.1984) (conversion); *Goldbaum v. Bank Leumi Trust Company of New York*, 543 F.Supp. 434 (S.D.N.Y.1982) (bailee negligence); *Haddock v. City of New York*, 140 A.D.2d 91, 532 N.Y.S.2d 379 (1st Dep't 1988), *aff'd*, 75 N.Y.2d 478, 554 N.Y.S.2d 439 (1990) (negligent employment).

■ Plaintiff's second argument in opposition to the instant motion consists of a claim that defendant has been dilatory in seeking to implead, and that plaintiff will suffer prejudice if discovery is expanded to include the third-party claims. There is, however, little evidence to suggest that defendant was so slow in bringing its Rule 14(a) motion that that motion should be denied. More importantly, the Court believes that the prejudice to be felt by plaintiff—if any—due to the need for additional

---

3. A prospective third-party defendant is not, however, entitled to notice and an opportunity to be heard on an impleader motion. *See* C. Wright, A. Miller & M. Kane, 6 *Federal Practice and Procedure* § 1460, at 459 (1990); Fed. R.Civ.P. 14(a).

4. This is not to say, however, that the third-party claims may not be the subject of a future motion to dismiss or motion for summary judgment.

discovery, is sufficiently outweighed by the benefits of more efficient litigation to be gained by permitting impleader. It is worth noting that plaintiff recently served an amended complaint on defendant, and has thus himself expanded the scope of this action and its accompanying discovery process. If, in the future, plaintiff believes that defendant is using its third-party claims to delay the progress of the principal complaint in this action, he should so inform the Court. Needless to say, the Court would not countenance such tactics. Plaintiff's conclusory assertions of prejudice are, however, an insufficient basis on which to deny the instant motion.

### CONCLUSION

For the reasons stated above, defendant's motion to implead Joseph Rizzo and Anthony Rizzo, pursuant to Federal Rule of Civil Procedure 14(a), is granted.

SO ORDERED