Sherman, P.J.
This is an action for recovery on an insurance claim for damage to a “1988 23 foot Seacraft motor boat” which sunk at its anchor. The boat was owned by plaintiff James Raftelis, insured under an inland marine policy issued by defendant Attleboro Mutual Insurance Company (“Attleboro”), and manufactured by third-party defendant Tracker Marine Corporation (‘Tracker”).
For reasons not here relevant, Attleboro refused to satisfy the plaintiffs property loss claim for damage to the boat, and the plaintiff thereafter instituted this suit against Attleboro for its alleged breach of the parties’ insurance contract and G.L.c. 93A unfair and deceptive practices in the investigation and processing of the plaintiffs claim.
Pursuant to its Dist./Mun. Cts. R. Civ. P., Rule 14 (a) motion which was allowed by the trial court, Attleboro filed an amended third-party complaint against Tracker[1] for its alleged negligence and breach of warranties in the design and manufacture of the boat. The third-party complaint sought indemnification fromTracker for any damages recovered by the plaintiff against Attleboro.
By both affirmative defense and a later Dist./Mun. Cts. R. Civ. P., Rule 12(b) (6) motion, Tracker sought to dismiss the third-party complaint for failure to state a claim upon which relief could be granted. Tracker asserted, inter alia, that Attleboro, as the defendant in an action generated by its refusal to satisfy the plaintiff-insured’s claim, could not as a matter of law seek indemnification or contribution from third parties as the subrogee if the plaintiffs rights because such subrogated rights would not pass to Attleboro unless and until it paid the plaintiffs insurance claim.
The trial court denied Tracker’s Rule 12(b) (6) dismissal motion, and thereafter certified and reported such interlocutory ruling for appellate review pursuant to Dist./ Mun. Cts. R. Civ. P., Rule 64(d).
1. Tracker’s motion to dismiss was based in part on the general rule that an insurer is not entitled to actual payment in subrogation from a third party who is primarily responsible for a loss suffered by the insured unless and until the insurer satisfies the insured’s claim for such loss. Westinghouse Elec. & Mfgr. Co. v. Fidelity & Deposit Co., 251 Mass. 418, 420-421 (1925).
Subrogation is an equitable adjustment of rights that operates when a ... victim of loss is entitled to recover from two sources, one of which bears a primary legal responsibility. If the secondary source (the subrogee) pays *108 the obligation, it succeeds to the rights of the party it has paid (the... loss victim, called the subroger) against the third, primarily responsible party.
... The doctrine of subrogation applies ... to payments under policies of insurance. Upon payment, the insurer is entitled to share the benefit of any rights of recovery the insured may have against a tortfeasor for the same lo ss covered by the insurance.
Frost v. Porter Leasing Corp., 386 Mass. 425, 426-427 (1982). See generally, Travelers Ins. Co. v. Graye, 358 Mass. 238, 240-241 (1970). The fact that Attleboro’s subrogation rights herein have not accrued so as to permit a separate, independent action and actual recovery against Tracker is not, however, determinative of this appeal. We are concerned here not with an independent action, but with a third-party action. The issue raised by Tracker’s motion to dismiss Attleboro's third-party complaint is whether a defendant-insurer may bring a third-party action on subrogation grounds to implead a party potentially liable for the plaintiff-insured’s loss prior to the defendant-insurer’s payment of such loss. Such issue must be resolved solely on the basis of the language and intent of Dist./Mun. Cts. R. Civ. P., Rule 14(a) which governs third-party practice.[2]
2. Rule 14(a) provides in relevant part:
At any time after commencement of the action a defending party, as a third-party plaintiff, may ... cause a summons and complaint to be served upon a person who is or mav be liable to him for all or part of the plaintiffs claim against him [emphasis supplied].
Rule 14 (a) thus clearly permits a third party action not only to enforce an existing right against a party who is presently liable to the defendant-third party plaintiff, but also to claim a potential right against a party who “may be liable” to the defendant.
Rule 14 expedites the presentation, and in some cases accelerates the accrual of such a right... [and] allow[s] adefendanttojoinsomeoneagainst whom a cause of action has not yet accrued.
RAF Financial v. Resurgens Communications Group, 127 B.R. 458, 466 (D.Colo.) (1991). A defendant-insurer is, therefore, authorized by Rule 14(a) to bring a third-party complaint on subrogation grounds against a party who is potentially liable for the plaintiff-insured’s loss prior to making any payment of the plaintiffs loss. Glens Falls Indemnity Co. v. Atlantic Bldg. Corp., 199 F.2d 60 (4th Cir.1952); Gross v. Hanover Ins. Co., 138 F.R.D. 53 (S.D.N.Y. 1991).
This construction of the unambiguous terminology of Rule 14 (a) is consistent with its intent and underlying policies.
The purpose of the rule is to permit additional parties whose rights may be affected by the decision in the original action to be joined and brought in so as to expedite the final determination of the rights and liabilities of all of the interested persons in one suit.... It is true... that the right of subrogation may not be recognized unless the party asserting it has paid the debt on which the right of subrogation is based.... But this rule applies when the indemnitor brings a separate suit against the nerson whose action has *109 caused the loss. Rule 14 was designed to prevent this circuity of action and to enable the rights of an indemnitee against an indemnitor and the rights of the latter against a wrongdoer to be finally settled in one and the same suit. It is generally held that it is no obstacle to a third-party action that the liability, if any, of the third-party defendant can be established only after that of the original defendant and after the satisfaction of the plaintiffs claim, where subrogation is the basis of the claim.
Glens Falls Indemnity Co. v. Atlantic Bldg. Corp., supra at 63. Attleboro’s third-party action against Tracker for indemnification here effectuates the primary purposes of Rule 14 (a) to promote judicial efficiency, to “provide economies of time and expense” by joining suits involving related facts and issues, and “to avoid the potentially damaging delay between a judgment against defendant in one action and ... in his favor against the party in a second action.” General Acc. Ins. Co. v. Fidelity & Deposit Co., 598 F. Supp. 1223, 1248 (E.D.Pa.1984). See generally, Jenkins v. General Accid. Fire & Assur. Corp., 349 Mass. 699, 701 (1965).
3. Attleboro’s third-party complaint against Tracker, as a party who “may be liable” to Attleboro on subrogation grounds for those damages which Attleboro may be ordered to pay the plaintiff for his insured loss or damage to the boat, sets forth a claim permitted under Rule 14(a) which would entitle Attleboro to relief upon proof of Tracker’s negligence or breach of warranties. There was, therefore, no error in the trial court’s denial of Tracker’s Rule 12(b) (6) motion to dismiss such third-party complaint. See generally, McCone v. New England Tel & Tel Co., 393 Mass. 231, 232 (1984); Disend v. Meadowbrook School, 33 Mass. App. Ct. 674, 676 (1992) and cases cited.
Report dismissed.

 Also named as a third-party defendant was Sagamore Bridge Marine Inc., the dealership which sold the subject boat to the plaintiff. No service of process, however, was made upon Sagamore, and no answer or appearance was ever filed in its behalf.

 As this issue appears to be one of first impression in this Commonwealth, we are guided in our construction of Dist./Mun. Cts. R. Civ. P., Rule 14(a) by judicial interpretations of the identical language of Fed. R. Civ. P., Rule 14(a). See Burger Chef Systems, Inc. v. Servfast of Brockton, Inc., 393 Mass. 287, 289 n.3 (1984).