The STATE OF NEW YORK, Plaintiff,

v.

SOLVENT CHEMICAL COMPANY, INC., ICC Industries, Inc., Mader Capital Corporation, 3163 Buffalo Avenue Corporation, and Corigan Sanoian, Individually and d/b/a Quad Technologies, Inc., Defendants.

SOLVENT CHEMICAL COMPANY, INC., ICC Industries, Inc., and Mader Capital Corporation, Defendants and Third–Party Plaintiffs,

v.

The UNITED STATES of America, E.I. DuPont de Nemours and Company, Occidental Chemical Corporation, the City of Niagara Falls, New York, Frontenac Environmental Services, Inc., Laidlaw Transportation Company, Ltd., Consolidated Rail Corporation, Bema Company, Ltd., Eastman Kodak Company, and General Motors Corporation, Third–Party Defendants.

No. 83–CV–1401C.

United States District Court, W.D. New York.

Jan. 31, 1995.

Damon & Morey (Paul M. Samson, of counsel), Buffalo, NY, for Solvent Chemical Co., Inc.

David Calverly, Buffalo, NY, for ICC Industries, Inc.

Duke, Holtzman, Yaeger & Photiadis (Peter G. Ruppar, and James L. Duke, of counsel), Buffalo, NY, for Mader Capital Corp.

Harris Beach & Wilcox (Henry W. Killeen, III, of counsel), Hamburg, NY, for Laidlaw Transp. Co., Ltd.

CURTIN, District Judge.

On July 19, 1994, third-party defendant Laidlaw Inc. ("Laidlaw") filed a motion to dismiss, with prejudice, the amended third-party complaints of Solvent Chemical Co., Inc. ("Solvent"), Item 179, Mader Capital, Inc. ("Mader"), Item 181, and ICC Industries, Inc. ("ICC"), Item 183. Item 240. Oral argument was held on December 16, 1994. For the reasons given below, Laidlaw's motion is denied.

## BACKGROUND

Plaintiff, the State of New York, filed suit on December 9, 1983, against Solvent, Mader, ICC, and three other defendants, under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, and related state law for the costs of investigation and clean-up of a site located at 3163 Buffalo Avenue, Niagara Falls, New York. Item 1. In June, 1986, Solvent, Mader, and ICC filed third-party complaints asserting CERCLA contribution and related claims against various third-party defendants. Items 42–44. No claims were asserted against Laidlaw at that time.

A remedial investigation of the site by certain of the defendants and third-party defendants resulted in a report to the State of New York in 1991. The State subsequently hired a contractor to conduct further investigative work, analysis, and a feasibility study. Meanwhile, only limited progress has been made in this litigation. Over the years some discovery has been carried out; however, even now it appears to be far from complete.

On December 28, 1993, Solvent filed a motion for leave to file an amended third-party complaint in order to assert claims against six new third-party defendants including Frontenac Environmental Services, Inc. ("Frontenac") and Laidlaw. Item 171. ICC and Mader then filed similar motions. Items 173, 174. The stated grounds for adding Frontenac and Laidlaw as third-party defendants were (1) that Frontenac was a tenant at the site from about 1980 to about 1984, and during that time conducted various operations that may have contributed to the contamination of the site with hazardous materials, and (2) that during some or all of that time, Frontenac was owned, controlled, and dominated by Laidlaw. The motions were unopposed by the parties to the action at that time, and were granted. Items 176–178. Amended third-party complaints were duly filed, in April 1994. Items 179, 181, 183.

In support of its motion to dismiss with prejudice, Laidlaw makes three closely relat-

ed arguments. First, it maintains that the amended third-party complaints do not satisfy the pleading requirements of Fed.R.Civ.P. 8 and 9(b), because they do not address each element of the claims asserted or allege specific facts in support of those claims. Item 241, pp. 5–14; Item 308, pp. 5–7. Second, it contends that the third-party plaintiffs have failed to demonstrate a good faith factual basis for their claims, as required by Fed. R.Civ.P. 11. Item 241, p. 16; Item 308, pp. 2–5. And finally, it argues that the third-party plaintiffs have neither made the threshold showing of merit required to support the belated impleading of a party under Fed.R.Civ.P. 14(a) and 15(a), nor provided the court with a satisfactory explanation for the delay in asserting their claims against Laidlaw. Item 241, p. 14–16; Item 308, pp. 7–9. In this context, Laidlaw contends that joinder at this time is unfairly prejudicial. Item 308, pp. 8–9.

In response, Mader and Solvent argue that the allegations contained in their amended third-party complaints are sufficient to satisfy the notice pleading requirements of Fed. R.Civ.P. 8, and that Fed.R.Civ.P. 9(b) is inapplicable. Item 273, pp. 2–13; Item 283, pp. 3–13. Solvent contends that regardless of which rule applies, it is entitled to proceed with discovery to obtain specific information in support of its claim that is currently in the sole possession of Laidlaw. Item 283, pp. 7–8, 13. Mader asserts that in the event that the court dismisses its complaint against Laidlaw, it should be granted leave to replead with an opportunity for discovery prior to repleading. Item 273, pp. 14–21. In this context, it contends that it has a simple, acceptable explanation for the delay in filing its complaint against Laidlaw, and that Laidlaw has not demonstrated that the delay has resulted in any prejudice that might warrant the denial of leave to replead. *Id.*, p. 19. ICC joins in Solvent's submissions. Item 286.

At oral argument, ICC's counsel pointed out that Laidlaw makes no statute of limitations argument. He claimed that even if liability had already been established against ICC in this case, ICC could still bring an action against Laidlaw for contribution.

Therefore, he maintained, there is no force to Laidlaw's claim of prejudice resulting from the delayed filing. Counsel for Laidlaw did not attempt to rebut this argument.

## DISCUSSION

### 1. Sufficiency of the Pleadings—Fed. R.Civ.P. 8(a), 9(b)

Fed.R.Civ.P. 8(a)(2) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The objective of this rule is "to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The Supreme Court has stated that:

> [T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.... Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.

*Id.* at 47–48, 78 S.Ct. at 102–03. *See also, Wade v. Johnson Controls, Inc.,* 693 F.2d 19, 21 (2d Cir.1982) ("[u]nder the liberal theory of notice pleading in the federal rules, a complaint need not state 'facts' or 'ultimate facts' or 'facts sufficient to constitute a cause of action' "). Similarly, "federal pleading is by statement of claim, not by legal theory." *Flickinger v. Harold C. Brown & Co., Inc.,* 947 F.2d 595, 600 (2d Cir.1991); *see also, Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund,* 25 F.3d 417, 421 (7th Cir.1994) ("the district court has a duty to consider whether a plaintiff's allegations could provide relief under *any* available legal theory"). Generally, therefore, a complaint should not be dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. at 45–46, 78 S.Ct. at 101–02.

A review of the amended third-party complaints at issue in this case reveals that the third party plaintiffs have alleged that (1)

from about 1980 to about 1984, Frontenac conducted various operations involving hazardous wastes at 3163 Buffalo Avenue, Niagara Falls, (2) during the course of those operations, Frontenac released hazardous wastes at the site, (3) during the time Frontenac owned and operated the site, hazardous wastes were released from and migrated off the site, (4) Frontenac failed to prevent the migration of the wastes from the site, and (5) during all or part of the time that Frontenac operated at and occupied the site, it was owned, operated, dominated, and controlled by Laidlaw. Item 179, ¶¶ 40–44; Item 181, 58–69; Item 183, ¶¶ 39–43.

Laidlaw does not argue that the allegations concerning Frontenac's operation of the site are insufficient to support a claim for contribution under CERCLA. Neither does it contend that Laidlaw was not the corporate parent of Frontenac during the period in question. Rather, it maintains that the allegation that Frontenac was owned, operated, dominated, and controlled by Laidlaw is simply "conclusory," and unsupported by facts sufficient to sustain a claim of parental liability under CERCLA, either under an ownership theory based on "piercing the corporate veil," or under a theory of operator liability. *See* Item 241, pp. 3–14.

■ Under CERCLA § 107(a), "any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of" may be held liable for response costs under the Act. 42 U.S.C. § 9607(a). It is generally agreed that "owner" liability and "operator" liability are two distinct concepts. *See, e.g., Long Beach Unified School District v. Dorothy B. Godwin California Living Trust,* 32 F.3d 1364, 1367 (9th Cir.1994); *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund,* 25 F.3d at 420–21; *Lansford–Coaldale Joint Water Authority v. Tonolli Corp.,* 4 F.3d 1209, 1220 (3d Cir. 1993); *John S. Boyd Co., Inc. v. Boston Gas Co.,* 992 F.2d 401, 408 (1st Cir.1993). A corporation may be held liable as the *owner* of another corporation under circumstances warranting "piercing the corporate veil." *Lansford–Coaldale Joint Water Authority v. Tonolli Corp.,* 4 F.3d at 1224–25; *John S.*

*Boyd Co., Inc. v. Boston Gas Co.,* 992 F.2d at 408. In addition, an affiliated corporation may be held liable as an *operator* when it is "deemed ... to have had substantial control over the facility in question." *Lansford–Coaldale Joint Water Authority v. Tonolli Corp.,* 4 F.3d at 1220. Some courts have held that operator liability may attach only when there is evidence of the actual exercise of control. *Lansford–Coaldale Joint Water Authority v. Tonolli Corp.,* 4 F.3d at 1220–21; *United States v. Kayser–Roth Corp. Inc.,* 910 F.2d 24, 27 (1st Cir.1990), *cert. denied,* 498 U.S. 1084, 111 S.Ct. 957, 112 L.Ed.2d 1045 (1991). Others have held that the *authority* to control is, by itself, sufficient. *Nurad, Inc. v. William E. Hooper & Sons Co.,* 966 F.2d 837, 842 (4th Cir), *cert. denied,* —— U.S. ——, 113 S.Ct. 377, 121 L.Ed.2d 288 (1992); *Idaho v. Bunker Hill Co.,* 635 F.Supp. 665, 671–72 (D.Idaho 1986). *See also, FMC Corp. v. Aero Industries, Inc.,* 998 F.2d 842, 846 (10th Cir.1993); *United States v. Carolina Transformer Co.,* 978 F.2d 832, 836–37 (4th Cir.1992). The Second Circuit has not yet ruled on this issue.

■ I find that the third-party plaintiffs' allegations that Frontenac was owned, operated, dominated, and controlled by Laidlaw at the time Frontenac conducted its hazardous waste operations at 3163 Buffalo Avenue are sufficient under the liberal pleading standards of Fed.R.Civ.P. 8(a) to give fair notice to Laidlaw of their claims of corporate parent operator liability under CERCLA, under either an "actual exercise of control" or an "authority to control" theory. The general nature of the claims is clear enough. Discovery should enable the third-party plaintiffs to define them more precisely. As the third-party plaintiffs argue, the specific information needed for establishing the extent of Laidlaw's control of Frontenac and its activities may be currently in the exclusive possession of Laidlaw. Item 273, p. 9; Item 283, pp. 5, 7. They cannot be expected to plead, at this time, facts sufficient to delineate the extent to which Laidlaw controlled Frontenac.

Since the amended third-party complaints sufficiently allege CERCLA operator liability claims, they cannot be dismissed under Fed.

R.Civ.P. 12(b)(6). There is therefore no need to decide at this time whether or not they sufficiently allege claims under an ownership liability theory based on "piercing the corporate veil," or whether, as Laidlaw maintains, such claims must be stated with the particularity required by Fed.R.Civ.P. 9(b).

### 2. Good Faith Basis for the Claims—Fed. R.Civ.P. 11

Laidlaw maintains that the third-party plaintiffs have failed to demonstrate, in their amended third-party complaints and their papers responding to Laidlaw's motion to dismiss, any good faith factual basis for their claims. Item 241, p. 16; Item 308, pp. 2–5. See also, Item 316. Consequently, it contends, the third-party plaintiffs have failed to comply with Fed.R.Civ.P. 11, their amended third-party complaints should be dismissed (Item 308, p. 5), and there is no basis for allowing them to replead or to proceed to discovery (Item 241, p. 16). It has not, however, made a direct challenge to the third-party plaintiffs' submissions by moving for sanctions under Fed.R.Civ.P. 11(c).

Fed.R.Civ.P. 11(b) states:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> . . . .
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. . . .

Thus, under Fed.R.Civ.P. 11(b), the submission of a pleading by an attorney constitutes a *certification* that, to the best of the attorney's knowledge, the allegations made in the pleading have, or are likely to have, evidentiary support. A court may rely upon that certification unless it is presented with good reasons not to. There are no such reasons here. The third-party plaintiffs have made the simple allegation that Frontenac was owned, operated, dominated, and controlled by Laidlaw in 1980–84. Laidlaw has not denied the allegation, or provided the court with evidence that the allegation is not well-founded, or given the court any reason to think that it has not been made in good faith. It appears that Laidlaw is asking the court to graft, via Fed.R.Civ.P. 11(b), a particularity requirement onto the notice pleading requirements of Fed.R.Civ.P. 8(a). I decline to do so.

Laidlaw relies heavily on *B.F. Goodrich Co. v. Murtha*, 815 F.Supp. 539 (D.Conn. 1993). In that case, Judge Dorsey was presented with a motion to add 1,151 third-party defendants as prospective contributors, based on a theory of arranger liability under CERCLA § 107(a), 42 U.S.C. § 9607(a). Because of the magnitude of the problem presented by the prospective addition of so many parties, the court agreed to allow the impleading of only those parties against whom claims were "sufficiently substantiated, legally and factually" under the test in Fed.R.Civ.P. 11. *Id.* 815 F.Supp. at 541. This decision was based on the court's determination that a review of the allegations underlying the claims for contribution before the filing of a third-party complaint would be "the most efficient and fair method of determining their validity," and would "avoid flooding the court with claims not shown to be well-grounded in fact," thereby preserving both judicial efficiency and the funds available for remediation. *Id.* at 543. The special circumstances existing in *Murtha* are not present here, and I see no reason in this case to place pleading burdens on the third-party plaintiffs beyond those established by Fed. R.Civ.P. 8(a).

### 3. Impleading of A Party—Fed.R.Civ.P. 14(a), 15(a)

The third-party plaintiffs were given leave to amend their third-party complaints pursuant to Fed.R.Civ.P. 14(a) and 15(a). Laidlaw contends that when, as here, these rules are invoked to implead a party after more than a decade of litigation, the moving parties are required to make "some substantial showing of merit" to their third-party claims, and provide a satisfactory explanation

for the delay in bringing them. Item 241, pp. 15–16; Item 308, pp. 7–9. It argues that in this case, the third-party plaintiffs have failed to demonstrate merit, and have made no attempt to explain their delay.

Under Fed.R.Civ.P. 14(a), a defendant may implead a third party "who is or may be liable to [him] for all or part of the plaintiff's claim against [him]." The rule "was designed to permit the liberal joinder of parties so that judicial energy could be conserved and consistency of results guaranteed." *Olympic Corp. v. Societe Generale,* 462 F.2d 376, 379 (2d Cir.1972). Its purpose is "to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against [a third party] who may be secondarily or derivatively liable...." *McLaughlin v. Biasucci,* 688 F.Supp. 965, 967 (S.D.N.Y.1988). Where the third-party complaint is not filed within ten days after the defendant's original answer is served, the defendant must ask the court for leave to implead. Fed.R.Civ.P. 14(a). The decision to grant leave is discretionary with the court, and "care must be taken to avoid prejudice to the plaintiff or third-party defendant." *Olympic Corp. v. Societe Generale,* 462 F.2d at 379. Courts will " 'balance the benefits derived from impleader ... against the potential prejudice to the plaintiff and third-party defendants.' " *Local 144, Hotel, Hospital, Nursing Home and Allied Services Union, SEIU, AFL–CIO v. C.N.H. Management Associates, Inc.,* 741 F.Supp. 415, 419 (S.D.N.Y.1990) (quoting *Sribnyj v. City of New York,* No. 85–Civ–2770, 1988 WL 42110 (S.D.N.Y. April 25, 1988)). *See also, Gross v. Hanover Insurance, Co.,* 138 F.R.D. 53, 54–55 (S.D.N.Y.1991). In applying this standard, courts may also consider whether the moving party deliberately delayed or was derelict in filing the motion, and whether impleading would unduly delay or complicate the trial. *Id.*

In this case, I find that the benefits of impleader clearly outweigh the potential for prejudice. Judicial efficiency will best be served by considering the third-party claims against Laidlaw in the same action as the numerous other claims concerning 3163 Buffalo Avenue. I see no benefit in the court having to consider the claims against Laidlaw in a separate action.[1] Neither the plaintiff nor the various other defendants and third-party defendants already in the case have opposed the impleading of Laidlaw, so there is no reason to think that any of those parties will suffer prejudice as a result of Laidlaw's presence as a third-party defendant. And although the claims against Laidlaw were brought more than ten years after the original filing of this lawsuit, discovery is still far from complete and there is much to be done before the case can come to trial. There is no reason to think that Laidlaw will have less opportunity to conduct discovery and prepare its defense than it would if the claims against it were brought in a separate action. Neither is there reason to believe that anything has occurred during the course of this lawsuit that might result in any prejudice to Laidlaw that it would not also suffer as a defendant in a separate action.

The cases cited by Laidlaw in support of its position all concern Fed.R.Civ.P. 15(a) (amendments to pleadings), rather than Fed.R.Civ.P. 14(a) (impleader). In a case like the present one, in which a motion to amend is brought solely for the purpose of impleading additional defendants, the correct standard to be applied is that under Fed. R.Civ.P. 14(a). Nevertheless, I note that in general, permission to amend under Fed. R.Civ.P. 15(a) should be freely granted. *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir.1990). As Laidlaw observes, the court has discretion to deny leave to amend "where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Id.* But the focus of the inquiry is on the interests of the court and the non-moving parties, not on those of prospective defendants to be impleaded under Fed.R.Civ.P. 14(a). In the present case, the court has a strong interest in seeing all claims concerning 3163 Buffalo Avenue litigated in a single action, and the non-moving parties make no claim of preju-

---

1. As noted above, at oral argument Laidlaw made no attempt to rebut ICC's claim that ICC, at least, could still bring a separate action against Laidlaw for contribution.

**1022**

dice. There is therefore no reason to grant Laidlaw's motion under Fed.R.Civ.P. 15(a).

### *CONCLUSION*

For the reasons given above, Laidlaw's motion to dismiss the amended third-party complaints of Solvent, Mader and ICC, Item 240, is denied.

So ordered.