Webster v Forest Hills Care Ctr., LLC (2018 NY Slip Op 06289)





Webster v Forest Hills Care Ctr., LLC


2018 NY Slip Op 06289


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-02001
 (Index No. 603009/15)

[*1]Helen Webster, appellant, 
v
Forest Hills Care Center, LLC, et al., respondents.


Weiss Zarett Brofman Sonnenklar & Levy, P.C., New Hyde Park, NY (Michael D. Brofman and Michael J. Spithogiannis of counsel), for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, Lake Success, NY (Howard Fensterman and John S. Cahalan of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for an accounting and to recover damages for breach of contract, the plaintiff appeals from stated portions of an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered February 4, 2016. The order, inter alia, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action for an accounting and so much of the third, fourth, and fifth causes of action as sought to recover damages for breach of contract. 
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss so much of the causes of action for an accounting as accrued on or after September 18, 2011, and so much of the third, fourth, and fifth causes of action as sought to recover damages for breach of contract, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements. 
The plaintiff was a 15% owner of two limited liability companies, the defendants Forest Hills Care Center, LLC (hereinafter Forest Hills Care), and Forest Hills Estate Associates, LLC (hereinafter Forest Hills Estate), which operated a nursing home and owned the real property on which the nursing home was located, respectively. The plaintiff commenced this action against Forest Hills Care and Forest Hills Estate, as well as the defendants Dvora Ostreicher and Benjamin Landa, who were principals in the companies. The plaintiff asserted causes of action for an accounting and alleging breach of contract and breach of fiduciary duty based upon the alleged failure to pay her distributions while other members received distributions from the companies. The defendants moved, among other things, pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint as time-barred and for failure to state a cause of action. In an order entered February 4, 2016, the Supreme Court, inter alia, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action for an accounting and so much of the third, fourth, and fifth causes of action as sought to recover damages for breach of contract. The plaintiff appeals.
The Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss so much of the third, fourth, and fifth causes of action [*2]as sought to recover damages for breach of contract. In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Nonnon v City of New York, 9 NY3d 825, 827; Leon v Martinez, 84 NY2d 83, 87-88). Here, the plaintiff sufficiently pleaded causes of action sounding in breach of contract by alleging all of the essential elements of such a cause of action: the existence of a contract, the plaintiff's performance pursuant to that contract, the defendants' breach of their contractual obligations, and damages resulting from that breach (see Webb v Greater N.Y. Auto. Dealers Assn., Inc., 123 AD3d 1111, 1112-1113; Canzona v Atanasio, 118 AD3d 841, 842; Neckles Bldrs., Inc. v Turner, 117 AD3d 923, 924).
Further, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the causes of action for an accounting. Generally, to be entitled to an equitable accounting, a plaintiff must demonstrate that he or she has no adequate remedy at law (see Unitel Telecard Distrib. Corp. v Nunez, 90 AD3d 568, 569; Kastle v Steibel, 120 AD2d 868, 869). However, where, as here, there is a fiduciary relationship between the parties, there is an absolute right to an accounting notwithstanding the existence of an adequate remedy at law (see Koppel v Wien, Lane & Malkin, 125 AD2d 230, 234; see also Simons v Ross, 309 AD2d 667; Di Terlizzi v Di Terlizzi, 92 AD2d 604; Seneca v Novaro, 80 AD2d 909).
Since the plaintiff primarily seeks damages and pursues an accounting merely to determine the amount of such damages (see Lex Tenants Corp. v Gramercy N. Assoc., 284 AD2d 278), the three-year limitations period, which bars the plaintiff's breach of fiduciary duty claims arising before September 18, 2011, is applicable (see Carlingford Ctr. Point Assoc. v MR Realty Assoc., 4 AD3d 179, 179-180). Accordingly, the defendants were entitled to dismissal pursuant to CPLR 3211(a)(5) of so much of the causes of action for an accounting as accrued prior to September 18, 2011.
The plaintiff's remaining contention is without merit.
MASTRO, J.P., ROMAN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court