Leo J. COLLINI, et al., Plaintiffs,

v.

WEAN UNITED, INC., et al., Defendants.

UNITED STEELWORKERS OF AMERICA, AFL–CIO–CLC, and United Steelworkers of America, Local 1388, Plaintiffs,

v.

WEAN UNITED, INC., Defendants.

Civ. A. Nos. 82–1869, 83–128.

United States District Court, W.D. Pennsylvania.

Nov. 22, 1983.

Richard J. Brean, Pittsburgh, Pa., for plaintiffs.

John J. Myers, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

DIAMOND, District Judge.

Presently before this Court is the defendants' motion for leave to file a third-party complaint in Civil Action No. 82–1869.

The present case is a suit by nine individuals under ERISA and the common law of Pennsylvania against two benefit plans and Wean United, Inc. ("Wean"), as sponsor

and administrator, to secure plan benefits and cure alleged breaches of certain statutory and fiduciary duties. The plaintiffs allege that they qualified for permanent incapacity pensions and attendant insurance coverage, but that Wean, claiming that the plaintiffs were no longer permanently incapacitated, discontinued these benefits.

Civil Action No. 83–128 was consolidated with the present case for purposes of discovery and trial. It is a suit brought by the International and Local Unions to enforce an arbitration award by a medical arbitrator concerning the issue of the permanent incapacity of the nine individual plaintiffs of the present case.

The defendants seek to implead, under Rule 14 of the Federal Rules of Civil Procedure, the United Steelworkers of America, AFL–CIO–CLC, and the United Steelworkers of America, Local Union No. 1388, both plaintiffs in Civil Action No. 83–128. The defendants seek impleader on the grounds that the United Steelworkers, as exclusive bargaining agent of the plaintiffs, failed to pursue grievance and mandatory arbitration provisions of a collective bargaining agreement, and that such failure caused or exacerbated any harm or damage to the individual plaintiffs in the present action.

The plaintiffs oppose the motion to implead on two grounds. First, the third-party complaint is infirm under Rule 14 because it does not attempt to implead persons who are or may be liable to the defendant for all or part of the plaintiff's claim against him. Second, the third-party complaint fails to state a claim upon which relief can be granted because it fails to allege a bad faith motive on the part of the union. Because of the Court's findings on the first ground for objection, we do not and need not reach the merits of the second.

■ Rule 14 allows a third-party plaintiff to implead a party "who is or may be liable to him for all or part of the plaintiff's claim against him." Rule 14 only provides the procedural devise for impleader. There must be some substantive basis in law for the third-party's liability, and this liability must be in some way dependent on the outcome of the main claim or be in the nature of derivative or secondary liability to the defendant. *Robbins v. Yamaha Motor Corp., U.S.A.,* 98 F.R.D. 36, 39 (M.D. Pa.1983); 3 Moore's Federal Practice, ¶ 1403, at 14–18 (2d Ed.1982). The plaintiffs argue that the asserted liability of the third-party defendants, the unions, is not dependent on the outcome of the main claim or in the nature of derivative or secondary liability to the third-party plaintiff. The main claim, as amended, is a suit based on ERISA (Counts I–IV) and the common law of Pennsylvania (Count V). ERISA, they contend, is silent on contribution and that such a right can only be established if the defendants are members of the class sought to be protected by ERISA. Rather than being beneficiaries under the Act, they argue that the defendants are the entities Congress sought to regulate. Secondly, because ERISA sets out a detailed remedial scheme which divides enforcement powers between the Government and private parties and specifies the legal and equitable claims available, there is evidence of Congress' intent not to authorize additional remedies. Finally, they claim that the legislative history of ERISA says nothing supporting the right of contribution urged by the defendants and that the Act imposes no duties on employee organizations which are not plan administrators, sponsors or fiduciaries.

With respect to the common law count of tortious wrongful discharge, plaintiffs argue that the employer enjoys no right of contribution. The defendants' motion is premised on the union's role as exclusive bargaining representative under the collective bargaining agreement. (Third-party complaint ¶¶ 7 and 8. The plaintiffs urge, however, that they are not seeking redress of a right grounded in the collective bargaining agreement. Rather, they are seeking compensation for benefits pursuant to the Pennsylvania Worker's Compensation Act, based on rights which arise at common law by implication from public policy, and which are enforceable by private persons.

■ The Court finds that there is no substantive basis in law which supports a

motion to implead the unions. First, the Court finds that the impleader claim is not dependent upon the main claim. The main claim is based on ERISA and the common law of Pennsylvania while the liability of the unions is asserted under the National Labor Relations Act. Further, the Court does not believe that ERISA provides a right to contribution. The Court bases its opinion in part on ERISA's silence as to right of contribution, the fact that ERISA sets out a detailed remedial scheme which the Court should not lightly amend or supplement, and that it is uncontroverted by the parties that the legislative history of ERISA does not provide support for a right of contribution. Third, while the union owes a duty of fair representation to its members, *Findley v. Jones Motor Freight*, 639 F.2d 953 (3d Cir.1981), and while the union is given a specific role in the Pension Plan's arbitration provisions concerning permanent incapacity, such a role does not make the union subject to impleader by the employer-trustee in the present suit. *Cf. Rosen v. Hotel & Restaurant*, 637 F.2d 592 (3d Cir.1981). As *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), and *Bowen v. U.S. Postal Service*, 459 U.S. 212, 103 S.Ct. 588, 74 L.Ed.2d 402 (1983) make clear, a union sued by an employee under § 301 of the National Labor Relations Act is liable to an employee for any harm that results from the breach of its duty of fair representation. When both the union and the employer are found to have caused injury, a court must apportion damages. If the employee cannot collect from the union, he can still collect the full amount from the employer. *Bowen*, 459 U.S. at 222, 103 S.Ct. at 595, 74 L.Ed.2d at 413. Generally, however, each is liable for the damages each has caused, and this assumption runs throughout the *Bowen* decision. *Id.* 459 U.S. at 226 n. 15, 242 n. 12, 103 S.Ct. at 597 n. 15, 605 n. 12, at 415 n. 15, 425 n. 12.

These decisions do not provide a basis for impleading a union when an employer has reason to believe that the union has caused or exacerbated the harm. To allow impleader under such circumstances would be to allow a defendant to implead one who is directly (and possibly solely) liable to the plaintiff. This has not been permitted since Rule 14 was amended in 1946. 6 Wright & Miller, *Federal Practice & Procedure*, § 1441 at 201.

The Court also finds that impleader is impermissible on the common law count for tortious wrongful discharge. The count does not seek back pay, as was the case in *Bowen*, but rather compensation for alleged lost insurance coverages to which they contend they are entitled under workmen's compensation. The right to be free of retaliatory discharge for claiming rights under the Pennsylvania Worker's Compensation Act is not based on the collective bargaining agreement to which the union's duty of fair representation attaches. *Peabody Galion v. Dollar*, 666 F.2d 1309 (10th Cir.1982). Rather it is based on public policy. *Perks v. Firestone Tire and Rubber Co.*, 611 F.2d 1363 (3d Cir.1979).

Therefore, because the defendants have not provided a basis in law which supports their motion to implead a third-party, their motion for leave to file a third-party complaint will be denied.