The **MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, the Massachusetts Laborers' Pension Fund, the New England Laborers' Training Trust Fund, and the Massachusetts Laborers' Legal Services Fund, Plaintiffs,**

v.

**Peter C. VARRASSO and Varrasso Construction Corp., Defendants and Third-Party Plaintiffs,**

v.

**MASSACHUSETTS LABORERS DISTRICT COUNCIL OF the LABORERS INTERNATIONAL UNION OF NORTH AMERICA, AFL–CIO, Third-Party Defendant.**

Civ. A. No. 85–4371–G.

United States District Court,
D. Massachusetts.

July 3, 1986.

Theodore A. Barone, Abelson, Cohen & Scarpaci, Randolph, Mass., for defendants and third-party plaintiffs.

Mary T. Sullivan, Segal Roitman & Coleman, Boston, Mass., for third-party defendant.

### ORDER ON THIRD–PARTY DEFENDANT'S MOTION TO STRIKE THIRD–PARTY COMPLAINT (# 14)

JOYCE LONDON ALEXANDER, United States Magistrate.

The third-party defendants bring the instant motion to strike the third-party complaint pursuant to Fed.R.Civ.P. 14(a). The underlying complaint seeks the payment of delinquent "ERISA" contributions to the four plaintiff benefit funds.[1] In addition, the plaintiff's trustees allege that the defendants failed to provide accurate benefit fund reports.

Defendants, Peter C. Varrasso and Varrasso Construction Corporation (Varrasso) impleaded the Massachusetts Laborers District Council of the Laborers International Union of North America, AFL–CIO (the Union). The essence of Varrasso's third-party complaint is that the union participated in an alleged unlawful strike which resulted in substantial damages to Varrasso. Varrasso contends that the strike relieved Varrasso of the obligation to make payments to the benefit funds. In addition, Varrasso seeks to have any required contributions to the benefit funds offset by the damages claimed in the third-party complaint.

The union moves to strike the third-party complaint as "improper" under Fed.R. Civ.P. 14, the substantive law of ERISA and the Labor Management Relations Act.[2].

Fed.R.Civ.P. 14(a) states in pertinent part:

At any time after commencement of the action a defending party, as a third-party plaintiff. may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.

The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiffs' original claim. Wright & Miller, Federal Practice and Procedure, § 1442 at 202–203.

It is important to note that while Fed.R. Civ.P. 14 provides the procedural mechanism to implead a third-party defendant, there must also be a substantive basis for the third-party defendant's liability. 3 Moore's Federal Practice, ¶ 1403, 14–18.

▇▇ Impleader places the burden on the third-party plaintiff to show that if it is found liable to the plaintiff, then the third-party defendant will in turn be liable to the third-party plaintiff, *Schoenholtz v. Doniger*, 83 Civ. 2740 (IBC), Slip Opinion, (S.D. N.Y. May 4, 1984) [Available on WESTLAW, DCTU database].

The union contends that Varrasso's "attempt to implead the Union rests on the mistaken notion that impleader can be used

---

1. The benefit funds are: The Massachusetts Laborers Health and Welfare Fund; The Massachusetts Laborers' Pension Fund; The New England Laborers' Training Trust Fund; and The Massachusetts Laborers' Legal Services Fund.

2. Memorandum in Support of Third-Party Defendants' Motion to Strike Third-Party Complaint (# 15), p. 2.

as a kind of wide-ranging counterclaim whereby related but different parties and issues may be brought into the original action."[3]

Varrasso cites *Kaiser Steel Corporation v. Mullins*, 455 U.S. 72, 102 S.Ct. 851, 70 L.Ed.2d 833 (1982) in support of its claim that the benefit fund contributions are subject to the condition precedent[4] that the union not violate the terms of the collective bargaining agreement. However, this Court finds the *Kaiser* analysis supportive of the Union's position. Moreover, this Court cannot ignore the Congressional intent cited by the Supreme Court in *Kaiser Steel Corporation v. Mullins*, 455 U.S. at 87, 102 S.Ct. at 861:[5]

> The provision which was eventually enacted as § 306(a) was added to S. 1076 by the Senate Committee on Labor and Human Resources. The Committee explained that the provision was added because *'simple collection actions brought by plan trustees have been converted into lengthy, costly and complex litigation concerning claims and defenses unrelated to the employer's promise and the plans' entitlement to the contributions,'* and steps must be taken to 'simplify' delinquency collection." (emphasis added)

Senate Committee on Labor and Human Resources, S. 1076—The Multiemployer Pension Plan Amendments Act of 1980: Summary and Analysis of Consideration, 96th Cong., 2d Sess., 44 (Comm.Print, Apr. 1980) (1980 Senate Labor Committee Print).

This Court also notes that during the floor debate, Senator Williams and Representative Thompson stated that they en-

dorsed cases such as *Lewis v. Benedict Coal Corp.*, 361 U.S. 459, 80 S.Ct. 489, 4 L.Ed.2d 442 (1960).[6]

*Lewis v. Benedict Coal Corp., supra,* is quite similar to the case *sub judice.* There, a collective bargaining agreement required that the employer contribute to an employee benefit trust fund. The employer was sued for delinquent contributions and one of the defenses raised was that the union participated in an illegal strike. The Supreme Court held that although the strikes were illegal, the contributions to the employee benefit fund were independent of and not conditioned on the union's performance of its promise not to strike, 361 U.S. 465, 80 S.Ct. 493. In addition, the employer was not allowed to offset the benefit fund contributions by the damages incurred in the unlawful strike, 361 U.S. 469, 805 S.Ct. 495.

■ Consonant with the foregoing, this Court finds that Varrasso fails to meet its burden of showing that the claim against the union is dependent on the outcome of plaintiffs' claim for payment of delinquent contributions, *Collini v. Wean United, Inc.*, 101 F.R.D. 408 (W.D.Pa. 1983). Moreover, it is the opinion of this Court that it would be contrary to the Congressional intent of ERISA to maintain the action against the union. To continue the impleader action brought by Varrasso "might well have complicated and lengthened the trial, and would have introduced the extraneous question of remedies in the third-party action," *Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769 (9th Cir.1986).

**3.** Memorandum in Support of Third-Party Defendants' Motion to Strike Third-Party Complaint (# 15), p. 4.

**4.** Varrasso does not state nor does this Court decide whether the purported condition precedent is expressly stated in the collective bargaining agreement.

**5.** The Supreme Court provided the legislative history to Section 306(a) of the Multiemployer Pension Plan Amendments Act of 1980, Pub.L. 96–364, 94 Stat. 1295, § 515 of ERISA which provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to te extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement. 29 U.S.C. § 1145 (1976 ed., Supp. V.).

**6.** *Kaiser Steel Corporation v. Mullins*, 455 U.S. 72, 87, 102 S.Ct. 851, 861, 70 L.Ed.2d 833 (1982).

Accordingly, the motion of the third-party defendants to strike the third-party complaint is hereby ALLOWED.

SO ORDERED.