Ellen **PETRILLI** and C. Carol, **Raimann–Rose,** individually and on behalf of all others similarly situated, Plaintiffs,

v.

William C. **GOW,** III, Chester T. **Smith, Jr., USGI, Inc.,** and **USGI Holdings, Inc.,** Defendants and Third–Party Plaintiffs,

v.

**McGLADREY & PULLEN L.L.P.,** John H. **Davies II,** Charles E. **Dunleavy** and Kevin **Townsend,** Third–Party Defendants.

Civil No. 3:95CV1657(PCD).

United States District Court, D. Connecticut.

Feb. 12, 1997.

J. Daniel Sagarin, Elias A. Alexiades, Hurwitz & Sagarin, Milford, CT, Alan M. Sandals, Berger & Montague, Philadelphia, PA, for Plaintiffs.

James F. Stapleton, Theodore J. Whitehead, Day, Berry & Howard, Stamford, CT, for Defendants and Third Party Plaintiffs.

John W. Mahoney, Clare E. Kindall, Shipman & Goodwin, Hartford, CT, Richard Paul Swanson, Karen Young, Thomas Lane, Reid & Priest, New York City, Lewis G. Schwartz, Shipman & Goodwin, Stamford, CT, for Third Party Defendant, McGladrey & Pullen, L.L.P.

Clare E. Kindall, Shipman & Goodwin, Hartford, CT, William C. Longa, Zeldes, Needle & Cooper, Bridgeport, CT, for Third Party Defendant, John H. Davies, II.

Clare E. Kindall, Shipman & Goodwin, Hartford, CT, Joseph A. Aceto, Aceto & Wells, Hamden, CT, for Third Party Defendant, Charles E. Dunleavy.

Clare E. Kindall, Shipman & Goodwin, Hartford, CT, Marie A. Casper, Trager & Trager, P.C., Fairfield, CT, for Third Party Defendant, Kevin Townsend.

*RULING ON MOTIONS TO DISMISS*

DORSEY, Chief Judge.

Defendants move pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the amended complaint with respect to stock purchases which occurred more than six years prior to commencement of this action. For the reasons below, the motion is **denied.** Third party defendants move pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the third party complaint. For the reasons below, the motions are **granted in part, denied in part.**

I. BACKGROUND

The following allegations are accepted as true. Plaintiffs Petrilli and Raimann–Rose are former employees of defendant USGI, Inc. ("USGI") and vested participants in the USGI Employee Stock Ownership Plan ("ESOP"). Plaintiffs bring this action on behalf of themselves and a class consisting of all persons (excluding defendants) who have been participants or beneficiaries of the ESOP. Defendants Gow and Smith are major shareholders, officers, and directors of USGI and of defendant USGI Holdings, Inc. ("USGI Holdings"), the parent corporation of USGI. Both are members of the ESOP Administrative Committee and trustees and fiduciaries of the ESOP. USGI and USGI

Holdings each are parties in interest to the ESOP.

The investment performance of plan assets determines the benefits that accrue to participants. Plan assets were to be invested "primarily" in USGI and USGI Holdings stock. From 1984 through 1991, cash contributions to the ESOP totaled at least $2,559,197. Between December 20, 1985 and December 24, 1991, Gow and Smith allegedly caused the ESOP to use at least $2,420,779 of the plan assets to purchase USGI stock from themselves, their family members, other company officers and directors and their family members, and from USGI.

Plaintiffs allege that Gow and Smith did not investigate the fair market value of USGI shares and did not hire an independent advisor to assess the fair market value of the shares. Instead, they used valuations prepared by advisors hired by the Board of USGI Holdings. Allegedly, these valuations were inflated in order to increase the company's apparent value, to maximize the value of stock holdings of Gow, Smith and other shareholders, and to create an inflated market for the stock. Gow and Smith also allegedly caused the ESOP to invest excessive assets in USGI stock and failed to diversify plan investments prudently.

After 1991, a different advisor confirmed that the prior valuations were highly inflated. Because of the inflated valuations, over $2,420,000 was paid to purchase stock appraised as having a fair market value of $77,909 as of December 31, 1992, resulting in a 97% decline in the value of ESOP assets and drastically diminishing plaintiffs' retirement savings.

In Count One of the amended complaint, plaintiffs claim that third party plaintiffs Gow and Smith failed to adhere to the "prudent man standard of care" established by ERISA § 404, and that they are each liable for breach of co-fiduciary responsibility pursuant to ERISA § 405. 29 U.S.C. §§ 1104(a) and 1105(a). In Count Two, plaintiffs claim that Gow and Smith engaged in prohibited transactions contrary to ERISA § 406. 29 U.S.C. § 1106. USGI and USGI Holdings are alleged to be liable for some of the prohibited transactions alleged in Count Two.

Plaintiffs first learned of the breach on January 14, 1993, when defendants disclosed the first reduced valuation. On September 28, 1995 defendants moved to dismiss claims based on purchases of stock prior to August 10, 1989, invoking 29 U.S.C. § 1113 (1996), the statute of limitations for claims based on ERISA fiduciary responsibility provisions. On June 18, 1996 the motion was granted ("prior ruling"). Plaintiff filed an amended complaint alleging fraud, so as to benefit from ERISA's 6–year statute of limitations for fraud.

The third party complaint has seven counts. Count One alleges that third party defendant McGladrey & Pullen, an accounting firm which provided valuation services, violated ERISA §§ 404 and 405. Count Two seeks contribution or indemnification from McGladrey & Pullen with regard to third party plaintiffs' possible liabilities to the ESOP for third party plaintiffs' breach of fiduciary duty and prohibited transactions. Count Three seeks contribution and indemnification from McGladrey & Pullen for that accounting firm's alleged breach of ERISA §§ 404 and 405. Count Four seeks contribution and indemnification from McGladrey & Pullen on the basis that the accounting firm participated in any breach of fiduciary duties that third party plaintiffs Gow and Smith may have committed by providing inadequate valuation reports. Count Five alleges that McGladrey & Pullen's inadequate valuation reports constitute a breach of contract. Count Six alleges that third party defendants Davies, Dunleavy and Townsend were parties in interest and engaged in prohibited transactions by selling USGI stock to the ESOP. Count Seven seeks contribution towards third party plaintiffs' liabilities, if any, from Davies, Dunleavy and Townsend on account of the latters' engagement in prohibited transactions under ERISA § 406.

## II. DEFENDANTS' MOTION TO DISMISS

### A. Standard of Review

On a Rule 12(b)(6) motion to dismiss, the complaint's factual allegations are presumed to be true, and all factual inferences are

drawn in plaintiff's favor. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Cosmas v. Hassett*, 886 F.2d 8, 11 (2nd Cir.1989). Rule 12(b)(6) imposes a substantial burden of proof on the moving party. A court may not dismiss a complaint unless the movant demonstrates that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

*B. ERISA's Fraud Statute Of Limitations*

■ As discussed in the prior ruling, ERISA actions alleging fraud or concealment must be filed within six years of discovery of the breach or violation. 29 U.S.C. § 1113. Paragraph 24 of the amended complaint alleges that defendants fraudulently misrepresented and concealed material information about the benefit plans in letter reports sent to beneficiaries. These letters were sent within six years of filing the complaint. The amended complaint does not allege that the underlying ERISA fiduciary breaches were themselves fraudulent.

■ Defendants argue that the alleged fraudulent misrepresentations were distinct from the underlying ERISA fiduciary breach claims, and that therefore the plaintiffs cannot benefit from the six year fraud statute of limitations. The question presented is whether ERISA's six year statute of limitations for fraud and concealment is applicable where the alleged fraud or concealment consists of covering up underlying ERISA violations, as opposed to the ERISA violations being fraudulent in and of themselves.

In the D.C., First, Seventh, and Eighth Circuits, the six year statute of limitations for fraud or concealment applies where the alleged fraud or concealment consists of covering up prior ERISA violations. *See J. Geils Band Employee Ben. Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1253 (1st Cir.1996) (dictum); *Larson v. Northrop Corp.*, 21 F.3d 1164, 1173 (D.C.Cir.1994); *Ra-*

*diology Center, S.C. v. Stifel, Nicolaus & Co.*, 919 F.2d 1216, 1220–21 (7th Cir.1990); *Schaefer v. Arkansas Medical Soc'y*, 853 F.2d 1487, 1491 (8th Cir.1988). The Second Circuit has not directly addressed this issue.[1]

The language of the statute supports the position taken by these Circuits. "[I]n the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation." 29 U.S.C. § 1113. This language does not limit the fraud or concealment to the ERISA violation itself. ERISA's six year statute of limitations for fraud has been suggested in cases "*involving* fraud or concealment." *Diduck v. Kaszycki & Sons Contractors*, 874 F.2d 912, 919 (2nd Cir.1989) (emphasis added). The word "involving" suggests a broad reading of the statute.

Allowing six years from discovery of post violation concealment is consistent with the statute's purpose. ERISA plaintiffs would otherwise have no recourse for violations concealed by fraud for more than six years. There is no logic to protecting plaintiffs from fraudulent ERISA violations, but not from fraudulent concealment of non-fraudulent violations.

Plaintiffs first learned of the ERISA violations and the concealment on January 14, 1993. The present action was filed on August 10, 1995, well within six years of discovery. Accordingly, the statute of limitations had not expired and defendants' motion to dismiss is **denied**.

### III. THIRD PARTY DEFENDANTS' MOTIONS TO DISMISS

*A. Standing*

■ Third party defendant McGladrey & Pullen asserts that third party plaintiffs lack standing because they are named as defendants in their individual capacity, and therefore cannot sue on behalf of the fund as third party plaintiffs. Any relief granted for ERISA violations must go to the plan itself, not to the individuals bringing suit. *Massa-*

---

**1.** The prior ruling intimated that Second Circuit precedent may not recognize the "fraudulent concealment doctrine" in the context of the ERISA's six-year statute of limitations for fraud,

citing *Diduck v. Kaszycki & Sons Contractors*, 874 F.2d 912, 919 (2nd Cir.1989). After review of *Diduck*, it is apparent that this Circuit has simply not addressed the issue.

*chusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 140, 105 S.Ct. 3085, 3089, 87 L.Ed.2d 96 (1985). On the other hand, the Second Circuit has recognized a right of contribution and indemnification from co-fiduciaries. *Chemung Canal Trust Co. v. Sovran Bank/Maryland,* 939 F.2d 12, 15–16 (2nd Cir. 1991).

Counts Two, Three and Four seek contribution and indemnity from an alleged fiduciary, and accordingly are permissible under *Chemung. Id.* at 16 ("there is no reason why a single fiduciary who is only partially responsible for a loss should bear its full brunt.") Count Five alleges breach of contract and is therefore not governed by ERISA's rules of standing. Counts One and Six allege violations of ERISA §§ 404, 405 and 406, not based on theories of contribution or indemnification. Third party defendants have cited no authority precluding fiduciaries named in their individual capacity as defendants from impleading others for breach of fiduciary duty on behalf of the plan. If Counts One and Six could be brought in a separate suit against third party defendants, they can be brought as third party claims as well. Fed.R.Civ.P. 18(a). Accordingly, there is standing for these claims in the present third party action.[2]

Third party defendant McGladrey & Pullen further challenges third party plaintiffs' standing by arguing that there is no statutory basis for their claims. ERISA § 502 provides that:

A civil action may be brought—

(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title [regarding liability for breach of fiduciary duty];

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this

subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a).

McGladrey & Pullen argues that the third party claims are improper because they seek monetary damages which are not covered by § 502(a)(3). However, § 502(a)(2) allows suits for damages against breaching fiduciaries. McGladrey & Pullen maintains that it is not a fiduciary. However, as discussed below, it cannot be concluded as a matter of law that it is not a fiduciary when all factual inferences are properly drawn in third party plaintiffs' favor. Accordingly, dismissal is inappropriate.[3]

### B. McGladrey & Pullen As A Fiduciary (Counts One and Three)

■ McGladrey & Pullen move to dismiss Counts One and Three on the grounds that it is not a fiduciary as required to maintain such claims. In support of this argument, McGladrey & Pullen argues that accounting firms are *per se* not fiduciaries under ERISA, and that the valuation services provided by McGladrey & Pullen are not sufficient to make it an ERISA fiduciary.

■ As defined by ERISA:

a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or dis-

---

**2.** Third party defendants also argue that Count Six must be dismissed because impleader is improper under Fed.R.Civ.P. 14 when based on third party defendants' liability to plaintiffs, not to defendants/third party plaintiffs. According to third party defendants, there is no liability to third party plaintiffs within the meaning of this rule because any recovery must go to the fund, and not to third party plaintiffs themselves. This

is an improper reading of Rule 14. The requirement of liability to third party plaintiffs is satisfied by third party plaintiffs' standing to bring suit on behalf of the ESOP.

**3.** As discussed below, Count Seven is dismissed on other grounds. Therefore standing need not be addressed with respect to Count Seven.

cretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). "[W]hether or not an individual or entity is an ERISA fiduciary must be determined by focusing on the function performed, rather than on the title held." *Blatt v. Marshall And Lassman,* 812 F.2d 810, 812 (2nd Cir.1987) (citations omitted). The cases cited by McGladrey & Pullen are merely instances in which accounting firms were held not to be fiduciaries based on their specific roles in relation to the pension plans. *See Painters of Phil. D. Coun. v. Price Waterhouse,* 879 F.2d 1146, 1148–49 (3rd Cir.1989); *Brown v. Roth,* 729 F.Supp. 391, 394 (D.N.J.1990); *Pension Plan of Public Serv. v. KPMG Peat Marwick,* 815 F.Supp. 52, 54–55 (D.N.H.1993). There is no blanket rule excluding accounting firms from the ERISA definition of "fiduciary."

Department of Labor regulations define "investment advice" for ERISA purposes:

A person shall be deemed to be rendering "investment advice" to an employee benefit plan ... only if:

(i) Such person renders advice to the plan as to the value of securities ... and

(ii) Such person either directly or indirectly ...

(B) Renders any advice described [above] on a regular basis to the plan pursuant to a mutual agreement, arrangement or understanding, written or otherwise, between such person and the plan or a fiduciary with respect to the plan, that such services will serve as a primary basis for investment decisions with respect to plan assets, and that such person will render individualized investment advice to the plan based on the particular needs of the plan regarding such matters as, among other things, investment policies or strategy, overall portfolio composition, or diversification of plan investments.

29 C.F.R. § 2510.3–21(c)(1). Despite McGladrey & Pullen's unelaborated inference to the contrary, this Department of Labor regulation is consistent with the statutory definition.

The third party complaint states that "McGladrey & Pullen agreed to provide USGI with an independent valuation that met ERISA and [Tax] Code requirements for the ESOP's purchases of USGI stock." Third Party Complaint, ¶ 25. The valuation service was rendered on a regular basis. *Id.* at ¶ 26. The third party complaint further alleges that McGladrey & Pullen knew that its valuation would be relied on. *Id.* at ¶ 26. The third party complaint states that McGladrey & Pullen "consult[ed] and advis[ed] USGI with regard to the independent valuation." *Id.* at ¶ 27. The ESOP invested "[b]ased on these valuations." *Id.* at ¶ 29.

McGladrey & Pullen cites several cases to deny its role as a fiduciary with regard to the ESOP. *Pappas v. Buck Consultants,* 923 F.2d 531 (7th Cir.1991); *Associates In Adolescent Psychiatry v. Home Life,* 941 F.2d 561 (7th Cir.1991); *Toomey v. Jones,* 855 F.Supp. 19 (D.Mass.1994); *Redall Industries v. Wiegand,* 878 F.Supp. 1026 (E.D.Mich. 1995). However, these are merely examples of cases in which accountants' or actuaries' roles did not make them fiduciaries. Dismissal is only appropriate if no set of facts can be proved consistent with the complaint which would entitle plaintiff (or third party plaintiff) to relief as matter of law. *Hishon,* 467 U.S. at 73, 104 S.Ct. at 2232. Third party plaintiff is entitled to all factual inferences in its favor. *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686. If proven, the allegations in the third party complaint are sufficient as a matter of law to establish that McGladrey & Pullen is a fiduciary within the ERISA and Department of Labor definitions. Accordingly, the motion to dismiss Counts One and Three is denied.

### C. ERISA Preemption Of Common Law Claims (Counts Two, Four and Five)

McGladrey & Pullen argues that Counts Two, Four and Five should be dismissed because ERISA preempts these state law claims. Counts Two and Four, however, are not state law claims. As discussed above, the Second Circuit has expressly recognized a right of contribution and indemnification from co-fiduciaries under ERISA. *Chemung,* 939 F.2d at 15–16. McGladrey &

Pullen challenges the applicability of *Chemung* on the grounds that it is not a fiduciary. As already discussed, McGladrey & Pullen is not as a matter of law outside the ERISA definition of fiduciary. Thus third party plaintiffs may be entitled to contribution or indemnification under *Chemung*. The motion to dismiss Counts Two and Four is accordingly denied.

■ Count Five is a state law claim of breach of contract. ERISA § 514(a) provides that:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a); *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). The preemption clause must not be read over-expansively. *See New York State Conference of Blue Cross & Blue Shield v. Travelers Insurance Co.*, 514 U.S. 645, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995).

The ERISA preemption standard has been succinctly stated:

> A cause of action "relates to" and is preempted by ERISA if either of two tests are satisfied. There is ERISA preemption 'where a plaintiff, in order to prevail, must plead, and the court find, that an ERISA plan exists.' Alternatively, there is preemption if the cause of action 'conflicts directly with an ERISA cause of action.'

*Toomey v. Jones*, 855 F.Supp. 19, 26–27 (D.Mass.1994) (citing and quoting *Ingersoll–Rand* and *Vartanian v. Monsanto Co.*, 14 F.3d 697, 700 (1st Cir.1994)).

Count Five is not preempted by the first test, since the breach of contract claim does not necessarily require proof of the ERISA plan's existence. Under the second test, Count Five may conflict directly with an ERISA cause of action if McGladrey & Pul-

len is in fact a fiduciary, since third party plaintiffs would then have a contribution or indemnification claim under *Chemung*. But if McGladrey & Pullen is not a fiduciary, as it asserts, then the breach of contract claim does not directly conflict with an ERISA cause of action. Until the fiduciary status of McGladrey & Pullen is determined, Count Five must not be dismissed.[4]

Cases cited by McGladrey & Pullen must be distinguished. The breach of contract claim is not similar to *Ingersoll–Rand*. The preempted state law claim in that case specifically addressed pension plans. In *Zuniga v. Blue Cross and Blue Shield of Michigan*, 52 F.3d 1395 (6th Cir.1995), the Sixth Circuit held that "[i]t is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit. That is exactly what Zuniga seeks here, the payment of benefits under the plan …" *Id.* at 1401 (citations omitted). Count Five's breach of contract claim, unlike *Zuniga*, does not seek a benefit covered by the ESOP. In *Vartanian v. Monsanto*, 14 F.3d 697 (1st Cir.1994), the misrepresentation claim was preempted because "the existence of the 1991 Plan is inseparably connected to any determination of liability under state common law of misrepresentation. There is simply no cause of action if there is no plan." *Id.* at 700. In contrast, Count Five alleges that McGladrey & Pullen "did not perform and deliver the independent valuation reports appraising the fair market value of USGI stock that it agreed to perform and deliver." Third Party Complaint ¶ 49. Unlike *Vartanian*, while proof of such breach here arises in the context of an ERISA plan, it does not depend on the existence of an ERISA plan.

Accordingly, the motion to dismiss Counts Two, Four and Five is denied.

## D. The Statute Of Limitations (Count Six)

■ Count Six of the third party complaint alleges that Davies, Dunleavy and Townsend ("individual third party defen-

---

4. Counts Two and Four are only viable if McGladrey & Pullen is proven to be a fiduciary. Count Five is not preempted only if McGladrey & Pullen is not a fiduciary. This seeming contra-

diction is not problematic since the Federal Rules permit inconsistent alternative pleadings: Fed.R.Civ.P. 8(e)(2).

dants") were parties in interest and engaged in prohibited transactions by selling USGI stock to the ESOP, in violation of ERISA § 406. 29 U.S.C. § 1106. The individual third party defendants move to dismiss the count due to expiration of the statute of limitations. ERISA's statute of limitations provides:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after ...
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation.

29 U.S.C. § 1113. Absent actual knowledge, the applicable statute of limitations is six years. *Id.* Count Six only alleges liability to the extent that third party plaintiffs themselves are liable for prohibited transactions. The individual third party defendants argue that since their and the third party plaintiffs' liabilities arise from the same transactions, the third party plaintiffs must have had actual knowledge at the time of such transactions which was more than three years ago.

Motions to dismiss must be adjudicated solely on the allegations of the complaint, in this case the third party complaint. The ERISA § 406 violation alleged in both the complaint and in Count Six of the third party complaint does not require actual knowledge: "A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows *or should know* that such transaction constitutes a direct or indirect ... sale or exchange, or leasing, of any property between the plan and a party in interest." 29 U.S.C. § 1106 (emphasis added). The words "or should know" clearly indicates that actual knowledge is not a requirement for a § 406 violation.[5] Accordingly, neither the complaint nor Count Six of the third party complaint facially alleges third party plaintiffs' actual knowledge, which is required for application of the three year statute of limitations. Count Six is not a matter of law subject to the three year statute of limitations. The action was filed within six years, so the motion to dismiss Count Six is denied.

### E. Contribution And Indemnification From The Individual Third Party Defendants (Count Seven)

The individual third party defendants move to dismiss Count Seven on the grounds that third party plaintiffs have no right of action for contribution and indemnification, because the third party complaint does not allege that the individual third party defendants are fiduciaries. *See* Third Party Complaint ¶¶ 7–9, 51–57. As discussed above, there is a cause of action under ERISA for contribution and indemnification from co-fiduciaries. *Chemung,* 939 F.2d at 15–16. The question thus presented is whether under ERISA there can be a cause of action for contribution and indemnification against non-fiduciaries.

Neither *Chemung* nor any controlling cases address this issue. "Federal courts have been authorized to develop a federal common law under ERISA, and in doing so, are to be guided by the principles of traditional trust law." *Id.* at 16.

Several courts have held that there is no such right of contribution or indemnification. *See Glaziers & Glassworkers Local 252 v. Newbridge Sec.,* 823 F.Supp. 1191, 1194–96 (E.D.Pa.1993); *McLendon v. Continental Group,* 1986 WL 11789 (D.N.J.1986); *Massachusetts Laborers' Health and Welfare Fund v. Varrasso,* 111 F.R.D. 62 (D.Mass.1986); *McLaughlin v. Biasucci,* 688 F.Supp. 965 (S.D.N.Y.1988); *National Electrical Benefit Fund v. Heary Bros.,* 931 F.Supp. 169, 191–93 (W.D.N.Y.1995). Other courts have held that there can be a right of contribution or indemnification by a breaching fiduciary against non-fiduciaries who knowingly participated in the breach. *Freund v. Marshall &*

---

**5.** The individual third party defendants cite *Radiology Center, S.C. v. Stifel, Nicolaus & Co.,* 919 F.2d 1216 (7th Cir.1990), to argue that actual knowledge is a requirement of a § 406 violation, which would then allow them to benefit from the shorter statute of limitations. However, the violation at issue in *Radiology Center* was ERISA § 409, not § 406. That ERISA section does not include the above discussed "or should know" language. The language of the statute controls. Actual knowledge is not required for an ERISA § 406 violation.

*Ilsley Bank,* 485 F.Supp. 629, 641–42 (W.D.Wis.1979); *Schaffler v. McDowell National Bank,* 1985 WL 17715 (W.D.Pa.1985).

*Freund* and *Schaffler* are consonant with *Chemung,* although the result in those two cases is not a necessary one. *McLendon, Varrasso* and *McLaughlin* are not persuasive. The denial of a right of action for contribution in each of these cases was predicated on the basis that Congress did not enact ERISA for the benefit of breaching fiduciaries, thereby precluding contribution and indemnification actions altogether. These three cases (decided outside of the Second Circuit) predate *Chemung,* which specifically held that there is a right of contribution, at least against breaching co-fiduciaries. Since these three cases conflict with the reasoning of *Chemung,* they cannot control determination of the present question.

*Glaziers* held that there is no right of contribution or indemnification against non-fiduciaries and specifically addressed *Chemung. Glaziers* provided two reasons for precluding such actions. The first reason is that:

> [w]hile ERISA explicitly incorporated that portion of traditional trust law which 'describes in detail fiduciary duties and similarly apportions their liability,' ERISA does not contain that portion of trust law which permits contribution and/or indemnification ... The test and stated purpose of the statute negate the inference that Congress intended courts to create federal common law that would permit a fiduciary to seek contribution or indemnification from a non-fiduciary.

*Glaziers,* 823 F.Supp. at 1196 (quoting *NARDA v. Rhode Island Hospital Trust Nat'l Bank,* 744 F.Supp. 685, 696–97 (D.Md.1990)). This reasoning inherently conflicts with *Chemung,* which specifically permitted contribution actions derived from general principals of trust law.

*Glaziers* second reason for disallowing contribution claims against non-fiduciaries is that such actions are unnecessary since third party plaintiffs in that case had valid claims under other theories of law and are thereby not left without a remedy for third party defendants' alleged participation in prohibited transactions. This reasoning does not necessarily conflict with *Chemung.* However, the existence of a right of action for contribution or indemnification under ERISA does not turn on whether any given fact situation happens also to give rise to another cause of action. *Glaziers* is therefore unpersuasive.

*National Electrical* also rejected a right of action for contribution and indemnification against non-fiduciaries and took *Chemung* into consideration. 931 F.Supp. at 192. The holding in *National Electrical,* unlike the other cases which addressed this question, is based on *Mertens v. Hewitt Assocs.,* 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993), a ruling which did not exist at the time of the other decisions. In *Mertens,* ERISA § 502(a)(3) was held not to authorize suits for money damages against non-fiduciaries who knowingly participate in a fiduciary's breach of fiduciary duty. This rule differs from the traditional trust law rule, which allows a beneficiary to recover from a non-trustee who knowingly participates in a breach of fiduciary duty. Restatement (Second) of Trusts § 326; Scott on Trusts § 506. *National Electrical* held that since the beneficiaries cannot recover from the non-fiduciary under *Mertens,* there can be no right of contribution or indemnification by the breaching fiduciary against participating non-fiduciaries.

The reasoning in *National Electrical* is persuasive. Since non-fiduciaries cannot be sued directly by plaintiffs, a right of contribution and indemnification in this context would be very unlike *Chemung.* In *Chemung,* contribution and indemnification were allowed as a matter of apportionment among fiduciaries, each of whom could have been sued by plaintiffs. Given the *Mertens* holding, there can be no such right of contribution or indemnification.

Accordingly, Count Seven is dismissed.

## IV. CONCLUSION

Defendants' motion to dismiss (doc. 45), dated July 22, 1996, is **denied.** The motion to dismiss (doc. 36), dated July 8, 1996, is **denied.** The motion to dismiss (doc. 41),

dated July 15, 1996, is **granted** with respect to Count Seven and **denied** with respect to Count Six.

SO ORDERED.